ACCEPTED
12-17-00235-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/28/2017 7:47 PM
Pam Estes
CLERK

No. _____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

7/28/2017 7:47:59 PM

PAM ESTES
Clerk

# IN THE TWELTH COURT OF APPEALS

## TYLER, TEXAS

---

*IN RE ALINA YANCEY,*

*REALTOR*

---

On Petition for a Writ of Mandamus from Cause No. 2012-09-444-CL From the County Court At Law of Rusk County Texas

(The Honorable Chad Wes Dean)

**LAKISHA ANDERSON-SINVILLE**
State Bar No. 24053073
PO Box 784
Tyler, TX 75710
Tel: (903) 526-3335
Fax: (800) 618-9361
E-mail: lakisha@me.com
Counsel of Record for Realtor Alina Yancey
Attorney for Realtor

**TABLE OF CONTENTS**

RELATOR/RES/POI……………………………………………………….. 3

STATEMENT OF THE CASE ………………………………………….. 6

STATEMENT OF JURISDICTION………………………………………. 7

ISSUES PRESENTED…………………………………………………….. 8

STATEMENT OF FACTS…………………………………………………. 9

SUMMARY OF ARUGEMENT……………………………………………

ARGUMENT

1. MANDAMUS RELIF IS PROPER…………………………………… 10

II. THE TRIAL COURT DEPRIVED RELATOR OF HER RIGHTS

UNDER THE TEXAS FAMILY CODE

A. THE TRIAL COURT ABUSED IT'S DISCRETION IN FAILING

TO GRANT THE MOTION TO TRANSFER AT THE

CONCLUSION OF THE MOTION TRANSFER HEARING,

AFTER A CONTROVERTING AFFIDAVITY HAD

BEEN FILED PERTAING TO ONE OF THE THREE CHILDREN

THE SUBJECT OF THE SUIT

PRAYER…………………………………………………………. 11

## IDENTITIES OF PARTY AND COUNSEL

The following is a list of all parties and all counsel who have appeared in this matter:

Relator:

Alina Yancey

Attorney for Relator in the trial court: LaKisha Anderson-Sinville, PO Box 784, Tyler, TX 75710, State Bar No. 24053073

Respondent: Honorable Judge Chad Wes Dean of County Court of Law Rusk County, Texas, whose address is 115 N. North Main Henderson, Texas 75652

Real Party in Interest:

Nelson Pruitt

Attorney for real party in interest in the trial court: Allison Biggs, 1501 Old Nacogdoches Road, Henderson, TX 75654

Real Party in Interest:

Office of the Attorney General IV-D

Attorney for real party in interest in the trial court: E. Lavern Campbell, 1650 N. Eastman Rd., Longview, TX 75601

# TABLE OF AUTHORITIES

## STATE CASE

*In the Interest of T.J.L. and M.E.L.*
            *97 S.W. 3d 257 (Tex. App.-Houston 2002).*

## STATE STATUTES

TEX. FAM. CODE ANN. § 155.201 (b)

TEX. FAM. CODE ANN § 155.204

## CERTIFICATE OF SERVICE

**APPENDICES**: The following documents are attached to this petition and incorporated in it for all purposes.

Appendix A:      State Case

Appendix B:      State Statute 155.201 and 155.204

Appendix C:      A certified copy of the Motion to Transfer

Appendix D:      A certified copy of Suit For Modification of Support Order and Motion to Confirm Support Arrearage.

Appendix E:      A certified copy of Order Denying Transfer.

Appendix F:      A certified Copy of Respondent's Original Answer (Attached as addendum Appendix

Appendix G:      Final Decree of Divorce

Appendix F:      A certified copy of Respondent's First Amended Answer

Appendix H:      A certified copy of Respondent's Amended Answer

Appendix I: A certified copy of Counterpetition to Modify the Parent Child Relationship

Appendix J: A certified copy Suit for Modified Support and Motion to Confirm Support Arrearage

Appendix K: A certified copy of Notice of Nonsuit

Appendix I: A certified copy of Scheduling Order

Appendix J: A certified copy of Notice of Final Judgment

Appendix K: A certified copy of docket sheet

Appendix L: In addition, Relator relies on the clerk's record and the reporter's record filed in this matter.

## STATEMENT OF THE CASE

This petition for Writ of Mandamus and for Emergency Relief arises from a Motion to Transfer filed in conjunction with a Suit for Modification of Support Order and Motion to Confirm Support Arrearage. The motions were filed by the Office of the Attorney General-IV D. Nelson Pruitt filed an answer with an attached contraverting affidavit. The controverting affidavit only pertained to the child he had in his conservatorship, John Pruitt. The children Heather Kay Pruitt and Laura Anngayle Pruitt were not named in the controverting affidavit. A motion to transfer hearing was held and the Court denied the motion to transfer. The transfer of the case relating to the children Heather Kay Pruitt and Laura Anngayle was mandatory under the Texas Family Code.

Realtor is requesting this Honorable Court to issue a writ of mandamus instructing the Honorable Judge Dean, County Court at Law, Rusk County to transfer the cause of action from Rusk County to Smith County.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus under section 6 of article V of the Texas Constitution and section 22.221(b) of the Texas Government Code, in that Respondent, the Honorable Judge Chad Dean is the Judge of the County Court at Law of Rusk County, Texas and within the court's appellate district. (TEX. R. APP. P. 52.3(e) mandating that relief must first be sought in intermediate appellate courts); see also GOV'T §§ 22.220(a), (b) (establishing concurrent jurisdiction and when the supreme court may be petitioned)

## ISSUES PRESENTED

Issue No. 1: Did respondent, Honorable Judge Dean, abuse his discretion when he denied the motion to transfer, after testimony from both parents that the two of the children subject to the suit did not live in Rusk County, Texas and had not lived in Rusk County the 6 months preceding the filing of the suit.

## STATEMENT OF FACTS

January 31, 2017 the Office of the Attorney General filed the pleading MOTION TO TRANSFER (Appendix C) the SUIT FOR MODIFICAION OF SUPPORT ORDER AND MOTION TO CONFIRM SUPPORT ARREARAGE ( Appendix D). On February 23, 2017 respondent filed Respondent's Original Answer and attached the Declaration Controverting Motion to Transfer to the Answer (Appendix E). On May 16, 2017 the Honorable Judge Dean held a hearing on the Motion to Transfer, and subsequently denied the motion to transfer. (Appendix E) (R.R . page 32 line 18-19). At the hearing Nelson Pruitt admitted that the children Laura Annagayle Pruitt and Heather Kay Pruitt did not live with him. (R.R. page 13 line 20-22) . Nelson Pruitt further testified that Laura Annagayle Pruitt and Heather Kay Pruitt had not lived in Rusk County for "a little less than one year. " (R.R. page 13 line 24-25)

## ARGUMENTS AND AUTHORITIES

At the conclusion of the Motion to Transfer hearing, Judge Dean denied the motion to transfer (Appendix E) (R.R. page 32 line 18-19). The denial of the motion to transfer was in violation Texas Family Code 155.201(b) (Appendix B). The honorable Judge Dean could only deny transfer if the petition was not timely filed (Texas Family Code 155.201(b). None of the parties argued that the petition was not timely filed (R.R. 1-32).

At the time of the hearing, Nelson Pruitt argued that the case should not be transferred because his son lived with him (R.R. page 11 line 23-25) (See also In The Interest of T.J.L. and M.E.L., 97 S.W. 3d 257, 264 *Jimmy maintans transfer was not automatic at the time because Cynthia included included T.J.L. in the motion, and controverted as to T.J.L.* (Appendix A)). Nelson Pruitt also stated that traveling to Smith County would be inconvenient to him (R.R. page 12 line 13-16). However, 155.201 (b) is a statute that provides for mandatory transfer, and the Court only had discretion if it was not timely filed (Texas Family Code 155.201 (b)).

Further the case In The Interest of T.J.L. and M.E.L., 97 S.W. 3d 257 (Houston 2002) the children the subject of the suit were each living with different parents in different counties in Texas. In the case of In The Interest of T.J.L. and M.E.L., the trial Court was the court of continuing jurisdiction (*ID 263*). A motion to transfer was filed, and the Court denied the transfer (ID 263). Further in that case the Court held that a motion to sever did not need to be filed to effect that transfer as to one or several children

(*Id 264*).  In Conclusion the Court ruled that:

> the court was required to promptly sever and transfer all proceedings
>
> pertaining to M.E.L.  At that time the court and no further jurisdiction to
>
> enforce the divorce to decree as to M.E.L.  Accordingly, the subsequent
>
> orders granting Jimmy's motion for enforcement and denying Cynthia's
>
> motion for enforcement are void as to M.E.L (*Id 265*).

Because 155.201 (b) is a mandatory transfer statute the Judge Dean should

have granted the transfer and severed the case as to Heather Kay Pruitt and Laura

Annagayle Pruitt.

*Prayer*

Relator prays that this Court issue its writ of mandamus commanding the trial court

to transfer the cause of action to Smith County, Texas the court of continuing jurisdiction.

LAKISHA ANDERSON - SINVILLE
PO Box 784
Tyler, TX 75710
Tel: (903) 526-3335
Fax: (800) 618-9361
E-mail: lakisha@me.com

By:_____
LaKisha Anderson-Sinville
State Bar No. 24053073
Attorney for Relator

## Certificate of Service

I certify that a true copy of this Petition for Writ of Mandamus was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Respondent: Judge Chad Wes Dean of County Court of Law of Smith County, Texas, whose address is 115 N. North Main Henderson, Texas

Date of Service: Friday July 28, 2017

Real party in interest: Nelson Pruitee

Attorney for real party in interest in the trial court: Allison Biggs, 1501 Old Nacogdoches Road, Henderson, TX 75654

Date of Service: Friday August 28, 2017

Real party in interest: Office of the Attorney General-IV D

Attorney for real party in interest in the trial court: E. LaVern Campbell, 1650 N. Eastman Rd., Longview, Texas 75601-3345.

Date of Service: Friday August 28, 2017

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Civil Procedure.

LaKisha Anderson-Sinville
Attorney for Relator

12

# VERIFICATION

LaKisha Anderson-Sinville appeared in person before me today and stated that she has read the foregoing petition and the facts tated within are the best of her knowledge, and the exhibits filed separately in an appendix to this petition are true and correct copies of the orginal documents.

SWORN TO BEFORE ME ON THIS 28 DAY OF JULY, 2017

7-28-2017

_____
LaKisha Anderson-Sinville

7-28-17

_____
NOTARY PUBLIC, STATE OF TEXAS

# APPENDIX A

97 S.W.3d 257 (Tex.App.—Houston [14th Dist.] 2002), 14-01-00547, In re T.J.L. /**/ div.c1 {text-align: center} /**/

Page 257

97 S.W.3d 257 (Tex.App.—Houston [14th Dist.] 2002)

IN THE INTEREST OF T.J.L. AND M.E.L.

NO. 14-01-00547-CV

Court of Appeals of Texas, Fourteenth District, Houston

December 31, 2002

Rehearing Overruled Jan. 30, 2003.

Page 258

[Copyrighted Material Omitted]

Page 259

On Appeal from the County Court at Law No. 1 Brazos County, Texas Trial Court Cause No. 34,442A-CCL1

Gillian Richards, Houston, for appellants.

Anne M. Cofer, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

**OPINION**

Kem Thompson Frost, Justice

Appellant Cynthia Anne Murray Langley challenges (1) the trial court's order denying her motion to transfer; (2) the trial court's order granting appellee Jimmy Don Langley's motion for enforcement; and (3) the trial court's order denying her motion for enforcement. We affirm in part, and reverse and remand in part.

Page 260

**I. Factual and Procedural Background**

In January of 1996, Cynthia and Jimmy Langley were divorced in Brazos County and appointed joint-managing conservators of their three minor children. Cynthia was given the right to establish the residence of their younger daughter, M.E.L., and Jimmy was given the right to establish the residence of their son, T.J.L., as well as their older daughter. On July 26, 1999, Cynthia filed a petition to modify the parent-child relationship seeking to be appointed conservator with the right to establish the residence of both M.E.L. and T.J.L.[1] At the same time, she filed a motion to transfer jurisdiction over the children from Brazos County to Harris County on the grounds M.E.L. and T.J.L. had resided with her in Harris County during the preceding six months. In response, Jimmy filed an affidavit stating T.J.L. had resided with him in Brazos County since June 11, 1999. However, Jimmy did not file a controverting affidavit with respect to M.E.L.'s residence in Harris County.

On October 25, 2000, Jimmy filed a motion for enforcement of two portions of the divorce decree. First, he alleged Cynthia had failed to exchange M.E.L. for his periods of possession in the manner required by the decree. Second, he alleged Cynthia had failed to comply with the provisions for payment of the children's healthcare expenses and for processing insurance-claim forms. The decree orders Jimmy to provide healthcare insurance for the children. Cynthia must

submit to Jimmy all bills and other documents reflecting any insured expense she incurred for the children within ten days after she receives them. Jimmy must then submit the expense to the insurance carrier within ten days. The decree further orders Jimmy and Cynthia to each pay half of the children's uninsured healthcare expenses. The party who incurred an uninsured expense must submit to the other party all bills and other documents reflecting the expense within ten days after that party receives them. The other party must then reimburse the paying party half of the expense within ten days.

On November 6, 2000, the trial court heard Cynthia's motion to transfer and Jimmy's motion for enforcement. At the beginning of the hearing, Cynthia nonsuited her motion to transfer and petition to modify as to T.J.L. only. The trial court stated on the record that it denied the motion to transfer as to M.E.L. and granted Jimmy's motion for enforcement.

On December 8, 2000, Cynthia filed another motion to transfer as to M.E.L. only and a motion to sever. At the same time, she filed a motion for enforcement of healthcare child support by reduction to judgment and contempt, and for clarification, alleging Jimmy had failed to pay his share of the children's uninsured healthcare expenses as required by the divorce decree.

On January 2, 2001, the trial court signed an order denying Cynthia's first motion to transfer. The record does not reflect a ruling on Cynthia's second motion to transfer, although the court signed the order denying her first motion after she filed the second motion.

On February 16, 2001, the trial court signed an order granting Jimmy's motion for enforcement. The court found that Cynthia was 100% responsible for paying all healthcare expenses she incurred on behalf of the children from January 5, 1996 through November 6, 2000, whether covered by insurance or not, because she failed to comply with the divorce-decree
Page 261
provisions regarding payment and processing of healthcare expenses. In addition, the court changed the exchange location for Jimmy's possession of M.E.L. because Cynthia had not been exchanging M.E.L. at the required locations. Finally, the court ordered Cynthia to post a $2,500 bond to ensure her compliance with the parts of the decree regarding the new exchange location for M.E.L.

On February 16, 2001, the trial court also heard Cynthia's motion for enforcement. On March 12, 2001, the trial court signed an order denying Cynthia's motion for enforcement. This appeal followed.

## II. Issues Presented for Review

Cynthia presents twelve issues for review. Her first eight issues challenge the February 16, 2001 order granting Jimmy's motion for enforcement:

(1) Did the trial court have jurisdiction to render the final order granting Jimmy's motion for enforcement on the issues concerning M.E.L.?

(2) Did Jimmy's motion for enforcement comply with the minimum pleading requirements of section 157.002 of the Texas Family Code? (3) Must a motion for enforcement strictly comply with section 157.002 of the Texas Family Code to entitle the movant to take advantage of that section's special privilege of an expedited final hearing only ten days after service of the motion? (4) Were the pleadings and the evidence sufficient to support the trial court's ruling that Cynthia "shall be

responsible for 100% of all health care expenses incurred for the children whether covered by health insurance or not through and including services rendered from January 5, 1996 through November 6, 2000"? (5) Was it within the trial court's discretion to hear evidence on and arrive at an amount of the uninsured medical reimbursement arrearages without pleadings for the enforcement and reduction of these to judgment, without notice to Cynthia that the amount of the arrearages was to be at issue at the hearing, and without notice of the amount of arrearages alleged by Jimmy? (6) Does the trial court's finding that the actual amounts expended by Cynthia and Jimmy for uninsured health care expenses for the children were approximately equal for the period from January 5, 1996 through November 6, 2000, support the order that Cynthia be 100% responsible for all such expenses incurred, whether covered by insurance or not, during that period? (7) Did the trial court have discretion to modify the time and place for picking up M.E.L., sua sponte and without pleadings or notice of hearing to Cynthia? (8) By ordering that Cynthia be responsible for 100% of the medical expenses of the children not paid by insurance, did the trial court impermissibly modify the terms of the divorce decree while purporting to enforce it? In her last four issues, Cynthia challenges the March 12, 2001 order denying her motion for enforcement: (9) Did the trial court have jurisdiction to consider the claims pertaining to M.E.L. in the actions for modification and for enforcement filed on December 8, 2000?

(10) Was it within the trial court's discretion to deny Cynthia enforcement

Page 262

of unreimbursed medical child-support amounts for which she had pleaded and which were incurred during the period November 6, 2000 through February 16, 2001, without holding a hearing for the receipt of evidence? (11) Is the March 12, 2001 order void or voidable because it inaccurately reflects that a hearing was held for receipt of evidence, although this did not occur? (12) As to Cynthia's motion for enforcement of unreimbursed medical expenses, did the trial court impermissibly reduce the amount of child support arrearage that Jimmy owed by failing to hold a hearing for the receipt of evidence as to expenses incurred from November 6, 2000 through February 16, 2001?

### III. Analysis

### A. Does this court have jurisdiction over the trial court's order denying Cynthia's motion to transfer the proceedings regarding M.E.L. to Harris County?

Jimmy asserts this court does not have appellate jurisdiction to review the trial court's order denying Cynthia's motion to transfer the proceedings regarding M.E.L. to Harris County. He contends Cynthia failed to perfect appeal of the order denying transfer because her notices of appeal make reference only to the dates of the enforcement orders. See Tex.R.App. P. 25.1(d)(2) (notice of appeal must include the date of the judgment or order appealed). Jimmy's arguments are without merit.

Cynthia's motion to transfer was based on the exclusive-transfer provisions of the Texas Family Code, applicable to suits affecting the parent-child relationship. See Tex. Fam. Code § 155.201B207. An order denying transfer under these provisions is not subject to interlocutory appeal. Id. § 155.204(e). However, an interlocutory order is appealable when it has merged into a subsequent final, appealable order. See H.B. Zachry Co. v. Thibodeaux, 364 S.W.2d 192, 193

(Tex.1963) (holding that prior interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating a final and appealable judgment); *Wilkins v. State Farm Mutual Auto. Ins. Co.,* 58 S.W.3d 176, 182 (Tex.App.—Houston [14th Dist.] 2001, no pet.). The Family Code allows appeal from a final order rendered in a suit affecting the parent-child relationship. Tex. Fam. Code § 109.002(b); *In re Taylor,* 45 S.W.3d 357, 358 (Tex.App.—Waco 2001, orig. proceeding). The enforcement orders are final orders into which the denial of the motion to transfer could properly merge.

Cynthia was not required to file a notice of appeal that explicitly referred to the order denying transfer or the date of this order. *See In re S.G.S. and E.E.S.,* 53 S.W.3d 848, 852 (Tex.App.—Fort Worth 2001, no pet.) (holding husband's notice of appeal of final order disposing of all issues in wife's petition to modify invoked appellate jurisdiction to consider order denying husband's motion to transfer). Instead, she properly challenges the order denying transfer as an issue in her appeal of the enforcement orders. *See Parks v. Huffington,* 616 S.W.2d 641, 644 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) (stating interlocutory order may be appealed by point of error when suit out of which it arose is appealed). Accordingly, Cynthia's notices of appeal have invoked this court's jurisdiction to address the merits of her motion to transfer.

**B. Was the trial court required to transfer the proceedings regarding M.E.L. to Harris County?**

Page 263

In her first and ninth issues, Cynthia contends the trial court had no jurisdiction to enter the orders granting Jimmy's motion for enforcement and denying her motion for enforcement as to M.E.L. because it was required to transfer the proceedings pertaining to M.E.L. to Harris County. [2] When a court renders a final divorce decree, it acquires continuing, exclusive jurisdiction over the matters in the decree affecting a child of the marriage. Tex. Fam. Code § 155.001(a); *In re G.R.M.,* 45 S.W.3d 764, 766 (Tex.App.—Fort Worth 2001, no pet.). The court retains continuing, exclusive jurisdiction over the child unless jurisdiction has been transferred under sections 155.201-207 of the Texas Family Code [3] or an emergency exists. *See* Tex. Fam. Code " 155.001(c), 155.002, 155.201-207; *In re G.R.M.,* 45 S.W.3d at 766-67. Section 155.201 provides in pertinent part:

(b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court *shall* transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Tex. Fam. Code § 155.201(b) (emphasis added). Section 155.204 prescribes the procedure for transfer as follows:

(a)... If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding *shall* be transferred promptly without a hearing to the proper court.

(b) On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that

grounds for the transfer exist. (c) If a controverting affidavit contesting the motion to transfer is filed, each party is entitled to notice not less than 10 days before the date of the hearing on the motion to transfer. *Id.* § 155.204(a),(b),(c) (emphasis added).

Under these provisions, if a motion to transfer is not timely controverted, then the trial court has a mandatory, ministerial duty to promptly, without hearing, transfer a proceeding to the county where the child at issue has resided for more than six months. *Id.* " 155.201(b),155.204(a),(b),(c); *Proffer v. Yates,* 724 S.W.2d 671, 673 (Tex. 1987); *Arias v. Spector,* 623 S.W.2d 312, 313 (Tex. 1981). The transferee court becomes the court of continuing, exclusive jurisdiction, and all proceedings continue as if brought there originally. Tex. Fam. Code § 155.206(a). The transferor court does not retain jurisdiction over the child. *Id.* § 155.206(d). The transfer or court has no jurisdiction to enforce its order for violations occurring before or after the transfer. *Id.* The transferee court acquires the power to enforce previous orders entered by the transferor court. *Id.* § 155.206(c),(d). Any subsequent motions for enforcement must be filed in the transferee court as the court of continuing, exclusive jurisdiction. *Id.* § 157.001(a).

Page 264

Cynthia contends the trial court had a mandatory duty to transfer the proceedings pertaining to M.E.L. to Harris County when Jimmy did not controvert her first motion to transfer as to M.E.L. Jimmy maintains transfer was not automatic at that time because Cynthia included T.J.L. in the motion, and he controverted the motion as to T.J.L.

The statute is not as clear as it could be on whether transfer as to one child is required when not all children of a marriage live in the county to which transfer is sought. However, in construing a statute, our primary aim is to give effect to the Legislature's intent. *Osterberg v. Peca,* 12 S.W.3d 31, 38 (Tex. 2000). We must construe a statute as written and endeavor to ascertain legislative intent from its language. *Id.; Helena Chemical Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). In addition, we must always consider the statute as a whole rather than its isolated provisions. *Helena Chemical Co.,* 47 S.W.3d at 493.

The language of the whole statute indicates that the Legislature intended for trial courts to determine continuing, exclusive jurisdiction on a child-by-child basis because the statute consistently refers to jurisdiction over the "child," in the singular. *See* Tex. Fam. Code " 155.001, 155.201. It is also clear the Legislature wanted matters affecting the parent-child relationship to be heard in the county where the child resides. *See id.* § 155.201(b); *Cassidy v. Fuller,* 568 S.W.2d 845, 847 (Tex.1978). It is easier to prove the current circumstances affecting the child in that county. *See Cassidy,* 568 S.W.2d at 847. Further, the statute recognizes that transfer as to some, but not all, children may be appropriate. Section 155.207(b) provides that "[t]he clerk of the transferring court shall keep a copy of the transferred files. If the transferring court retains jurisdiction of another child who was the subject of the suit, the clerk shall send a copy of the complete files to the court to which the transfer is made and shall keep the original files." Tex. Fam. Code § 155.207(b). Accordingly, we construe the statute as requiring a court to transfer the proceedings affecting a child to the county where the child resides, even if it retains jurisdiction over another child of the marriage who does not live in the transferee county.

When faced with a similar issue in *Koether v. Morgan,* 787 S.W.2d 582 (Tex.App.—Waco

1990, orig. proceeding), the court of appeals rejected the nonmovant's argument that it was against the best interests of the children to split them up for jurisdictional purposes. *See id.* at 584-85. Instead, the court recognized "[s]ection 11.06(j) [now section 155.207] indicates on its face that the legislature specifically contemplated the wisdom and necessity of such a transfer... when custody of a couple's children is divided between the mother and father and one parent moves to another county with the children of whom that parent is managing conservator." *Id.* at 585. The *Koether* court further stated the statute allows for the realities of a highly mobile society and does not require that *all* children in a particular case live in the county to which transfer is sought. *Id.*

Jimmy also asserts Cynthia had to file a motion to sever to be entitled to a transfer as to M.E.L. only. We disagree. The statute does not state that a motion to sever is required to effect transfer as to one of several children. However, the statute clearly contemplates severance in those instances because it prescribes the procedure for handling the case files when one child is transferred and another child is not. *See* Tex. Fam. Code § 155.207. Further, a trial court may sever any case on

Page 265

its own initiative. Tex.R. Civ. P. 41; *Andrews v. East Texas Med. Center-Athens*, 885 S.W.2d 264, 266 (Tex.App.-Tyler 1994, no writ). Most importantly, we have determined that the Legislature intended transfer as to one child when not all children live in the transferee county. Severance is the procedure to implement transfer in those instances. *See Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex.1985) (stating severance splits a suit into two or more independent actions, and controlling reasons for severance are to do justice, avoid prejudice, and further convenience); *Koether*, 787 S.W.2d at 585 (stating severance proper to implement the Family Code's mandatory venue provisions); *Stewart v. Whitworth*, 453 S.W.2d 875, 881-82 Tex.App.-Houston [1st Dist.] 1994, writ dism'd) (affirming severance to transfer venue as to one of several defendants when the claim against him was severable from claims against co-defendants). Therefore, because our primary aim is to give effect to legislative intent, we construe the statute as requiring severance to transfer the proceedings as to one of several children, even when the movant does not move to sever.

We conclude the trial court was required to promptly sever and transfer all proceedings pertaining to M.E.L. to Harris County when Jimmy did not controvert Cynthia's first motion to transfer as to M.E.L. At that time, the trial court had no further jurisdiction to enforce the divorce decree as to M.E.L. *See* Tex. Fam. Code Ann. " 155.206, 157.001(a). Accordingly, the subsequent orders granting Jimmy's motion for enforcement and denying Cynthia's motion for enforcement are void as to M.E.L. We sustain Cynthia's first and ninth issues.

## C. Motions for Enforcement

Cynthia's remaining issues challenge the orders granting Jimmy's motion for enforcement and denying Cynthia's motion for enforcement. Because the orders are void as to M.E.L., we do not address the remaining issues as to M.E.L. Specifically, we do not address Cynthia's seventh issue challenging the trial court's alteration of the exchange location for Jimmy's possessions of M.E.L. In addition, we do not address the issues regarding M.E.L.'s healthcare expenses. However, the orders also pertain to T.J.L. because the motions for enforcement addressed

payment of both children's healthcare expenses. Cynthia requests we reverse the orders pertaining to T.J.L. on the merits. Therefore, we will address her remaining issues to the extent the orders pertain to T.J.L.'s healthcare expenses.

An appellate court reviews an order enforcing a previous child support order for abuse of discretion. *McPherson v. Townsend*, 593 S.W.3d 430, 431B32 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Under the abuse-of-discretion standard, we must determine "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990).

### 1. Did Jimmy's motion for enforcement comply with section 157.002?

In her second, third, and fifth issues, Cynthia contends the trial court abused its discretion by hearing Jimmy's motion for enforcement on an expedited basis because the motion did not comply with the pleading requirements of section 157.002. *See* Tex. Fam. Code § 157.002(c) (allowing ten days' notice of hearing on motion for enforcement of existing order providing for child support).

Cynthia first asserts the motion did not meet the requirements of section 157.002(a)(2), which requires a motion for

Page 266

enforcement to state, in ordinary and concise language, the manner of the respondent's alleged noncompliance. *See* Tex. Fam. Code § 157.002(a)(2). We disagree. The motion clearly specified the manner of Cynthia's alleged noncompliance with the divorce decree. After citing the provisions for submitting healthcare expenses, the motion states Cynthia "has failed to comply with the court order in not following the provision in the decree as stated above regarding the payment of uninsured medical expenses and the processing of the claim forms within the ten (10) day period." Therefore, the motion gave Cynthia sufficient notice that her alleged failure to timely submit healthcare expenses to Jimmy would be at issue.

Cynthia also asserts the motion did not comply with section 157.002(b)(1), which requires a motion for enforcement of child support to include the amount owed as provided in the support order, the amount paid, and the amount of arrearages. *See* Tex. Fam. Code § 157.002(b)(1). However, section 157.002(b)(1) does not apply to Jimmy's motion. Jimmy did not seek medical child support arrearages, and the court did not rule that Cynthia owed arrearages. Rather, Jimmy sought to enforce the requirement that Cynthia timely submit expenses to him before *he* is obligated to pay medical child support. Because Jimmy's motion complied with the applicable provisions of section 157.002, the trial court did not abuse its discretion in hearing the motion as to T.J.L.[4] We overrule Cynthia's second, third, and fifth issues as to T.J.L.

### 2. Did the trial court abuse its discretion by granting Jimmy's motion for enforcement?

In her fourth and sixth issues, Cynthia challenges the sufficiency of the evidence supporting the trial court's order that she be 100% responsible for the healthcare expenses she incurred on behalf of the children from January 5, 1996 through November 6, 2000. Although Cynthia challenges the sufficiency of the evidence, we must use the abuse-of-discretion standard of review that applies to enforcement orders. *See McPherson*, 593 S.W.3d at 431B32. Under an abuse-of-discretion standard, legal and factual insufficiency are not independent grounds of error, but rather

are relevant factors in assessing whether the trial court abused its discretion. *Henry v. Henry*, 48 S.W.3d 468, 475 (Tex.App.—Houston [14th Dist.] 2001, no pet.); *Wood v. O'Donnell*, 894 S.W.2d 555, 556 (Tex.App.—Fort Worth 1995, no writ). There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Wood*, 894 S.W. 2d at 557; *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.— Houston [1st Dist.] 1993, writ denied).

The record contains evidence of a substantive and probative character that Cynthia failed to comply with the prerequisite for obtaining reimbursement from Jimmy or his insurance carrier for the expenses she incurred from January 5, 1996 through November 6, 2000. On December 3, 1999, she belatedly sent Jimmy a letter itemizing the expenses she incurred during 1996, 1997, and 1998, demanding reimbursement for half of these expenses. Jimmy testified this letter was his first notice Cynthia claimed reimbursement for healthcare expenses. He testified Cynthia gave him a

Page 267

stack of bills on the day of the November 6, 2000 hearing, and he had not seen most of them before that time. Jimmy further testified he rarely received copies of bills from Cynthia and had not received them in accordance with the divorce decree. He explained the providers sometimes submitted insured expenses directly to his carrier; however, if the carrier denied payment, he could not contest the decision because he had not received notice of the expenses from Cynthia.

Cynthia admitted at the hearing she did not timely send all medical paperwork to Jimmy, although she testified she sent some bills to him. On appeal, she makes the general assertion that she proved at the hearing she did submit some bills to Jimmy. However, the appellate record contains no bills introduced by Cynthia in opposition to Jimmy's motion, and she does not refer us to any such proof. As the party asserting error, Cynthia bears the burden of showing the record supports her contention and specifying the portion of the record on which she relies. *See* Tex.R.App. P. 38.1(h); *Houghton v. Port Terminal R.R. Ass'n*, 999 S.W.2d 39, 51 (Tex.App.— Houston [14th Dist.] 1999, no pet.). By failing to do so, she has waived her complaint.

Finally, Cynthia asserts the finding she and Jimmy spent equal amounts for the children's expenses does not support the trial court's order that she be responsible for the expenses she incurred. However, the finding she did not timely submit expenses to Jimmy as required to obtain reimbursement, by itself, supports the order. Accordingly, the trial court did not abuse its discretion in holding Cynthia 100% responsible for healthcare expenses she incurred on behalf of T.J.L. from January 5, 1996 through November 6, 2000. We overrule Cynthia's fourth and sixth issues as to T.J.L.

In her eighth issue, Cynthia contends the trial court impermissibly modified the divorce decree by holding Cynthia 100% responsible for the children's uninsured healthcare expenses. We disagree. The trial court simply enforced the decree by ruling Cynthia must comply with the prerequisites therein for obtaining reimbursement for the expenses she incurred. The court did not order Cynthia to pay all of the expenses in the future, which would amount to a modification. In fact, the court ordered both parties to comply in the future with the existing provisions for payment of healthcare expenses. Accordingly, the trial court did not modify the decree as to T.J.L. We

overrule Cynthia's eighth issue as to T.J.L.

**D. Has Cynthia preserved error and properly briefed her tenth, eleventh, and twelfth issues?**

In her tenth issue, Cynthia complains that the trial court did not hold a hearing for the receipt of evidence before it denied her motion for enforcement concerning unreimbursed healthcare expenses from November 6, 2000 through February 16, 2001. In her eleventh issue, Cynthia contends the order denying her motion is void or voidable because it inaccurately reflects the court did hear evidence. In her twelfth issue, she contends the trial court impermissibly reduced the amount of child support arrearages owed by Jimmy by failing to hear evidence on the motion.

Cynthia has waived appellate review of her tenth and twelfth issues as they pertain to T.J.L. because she did not request the court to hear evidence of expenses she incurred from November 6, 2000 to February 16, 2001. *See* Tex.R.App. P. 33.1 (providing a party must complain to the trial court by a timely request, objection or motion to preserve the complaint for appellate review). Instead, at the hearing on

Page 268

her motion for enforcement, Cynthia represented to the court that her motion was moot. When Jimmy's counsel argued Cynthia's motion was moot in light of the ruling on Jimmy's motion, Cynthia's counsel responded, "all of our expenses relate to that period. They all relate to that period prior to November 6th of 2000." The court already had ruled Cynthia could not obtain payment from Jimmy or his insurance carrier for expenses she incurred before November 6, 2000 when it granted Jimmy's motion for enforcement.#12; 12;

Cynthia maintains that her counsel's statement was incorrect, or the reporter's record is incorrect. Nevertheless, Cynthia did not thereafter attempt to introduce evidence of expenses she incurred from November 6, 2000 to February 16, 2001, or to correct the reporter's record. As movant, Cynthia had the initial burden to establish Jimmy was in arrears as to payment of these expenses. *See Curtis v. Curtis*, 11 S.W.3d 466, 472 (Tex.App.—Tyler 2000, no pet.); *Ex Parte McIntyre*, 730 S.W.2d 411, 417 (Tex.App.-San Antonio 1987, orig. proceeding). After the discussion about the motion being moot, the trial court asked if Cynthia's counsel had anything else to say. Counsel told the court she had tried unsuccessfully to obtain a transcript of the hearing on Jimmy's motion for enforcement from the court reporter. She further stated she would request a rehearing on "this motion", and hoped to have a transcript by that time. It is unclear whether Cynthia's counsel meant Jimmy's motion or her motion. Nevertheless, we find no attempt to introduce evidence at the hearing on her own motion. Therefore, Cynthia failed to preserve error as to her tenth and twelfth issues. Accordingly, we overrule Cynthia"s tenth and twelfth issues as to T.J.L.

In support of her eleventh issue, Cynthia provides this court with two sentences of conclusory argument that contain no citation to the appellate record or to any legal authorities. Cynthia provides no analysis and no legal authorities that would show that the trial court reversibly erred by inaccurately stating in the March 12, 2001 order that a hearing had been held for receipt of evidence; therefore, we overrule Cynthia"s eleventh issue as to T.J.L. because she has waived review of this issue. *See* Tex.R.App. P. 38.1(h); *Baker v. Gregg County*, 33 S.W.3d 72, 79-80

(Tex.App.—Texarkana 2000, pet. dism'd); *Houghton,* 999 S.W.2d at 51.

## IV. Conclusion

The trial court was required to promptly *sua sponte* sever and transfer all proceedings pertaining to M.E.L. to Harris County when Jimmy did not controvert Cynthia's first motion to transfer as to M.E.L. Therefore, we sustain Cynthia's first and ninth issues, and we reverse the order denying Cynthia's first motion to transfer as to M.E.L. We reverse the February 16, 2001 order granting Jimmy's motion for enforcement to the extent it pertains to M.E.L. In particular, we reverse the portions that: (1) hold Cynthia 100% responsible for all healthcare expenses she incurred on behalf of M.E.L., whether covered by insurance or not, from January 5, 1996 through November 6, 2000; (2) modify the exchange location for Jimmy's possession of M.E.L.; and (3) require Cynthia to post a $2,500 bond as to M.E.L. We reverse the March 12, 2001 order denying Cynthia's motion for enforcement to the extent it denies the relief requested as to M.E.L.'s healthcare expenses. We remand with instructions to sever and transfer all proceedings pertaining to M.E.L. to Harris County, Texas. In light of this disposition, we do not address Cynthia's seventh issue at all or the

Page 269

remaining issues to the extent that they pertain to M.E.L.

Because Jimmy's motion complied with section 157.002, we overrule Cynthia's second, third, and fifth issues. We conclude that the trial court did not abuse its discretion in granting Jimmy's motion for enforcement as to T.J.L., and we overrule Cynthia's fourth, sixth, and eighth issues. Accordingly, we affirm the February 16, 2001 order granting Jimmy § s motion for enforcement to the extent it pertains to T.J.L.

Cynthia has not preserved error as to her tenth and twelfth issues, and she has waived review of her eleventh issue by not supporting it with proper argument and authorities. Therefore, we affirm the March 12, 2001 order denying Cynthia's motion for enforcement to the extent it denies the relief requested as to T.J.L.

---------------

Notes:

[1] At the time Cynthia filed her petition, the older daughter had turned eighteen; therefore, Cynthia did not seek relief as to the older daughter.

[2] In her ninth issue, Cynthia also asserts the trial court had no jurisdiction to consider a motion to modify filed on December 8, 2000. However, the record does not show a motion to modify was filed on December 8, 2000. Therefore, the only motions we will address with regard to the jurisdictional issues are Jimmy's motion for enforcement and Cynthia's motion for enforcement.

[3] All subsequent statutory references in this opinion are to the Texas Family Code, unless otherwise stated.

[4] Cynthia also asserts the motion did not comply with section 157.002(c) which prescribes the contents of a motion for enforcement of terms of possession of a child. *See* Tex. Fam. Code § 157.002(c). Because the motion addressed possession as to M.E.L. only, we do not address this complaint.

---------------

# APPENDIX B

## SUBCHAPTER C. TRANSFER OF CONTINUING, EXCLUSIVE JURISDICTION

Sec. 155.201.  MANDATORY TRANSFER.  (a)  On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending.  The motion must comply with the requirements of Section 155.204(a).

(b)  If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

(c)  If a suit to modify or a motion to enforce an order is pending at the time a subsequent suit to modify or motion to enforce is filed, the court may transfer the proceeding as provided by Subsection (b) only if the court could have transferred the proceeding at the time the first motion or suit was filed.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995.
Amended by Acts 1999, 76th Leg., ch. 1135, Sec. 1, eff. Sept. 1, 1999.
Amended by:
    Acts 2005, 79th Leg., Ch. 916 (H.B. 260), Sec. 14, eff. June 18, 2005.


Sec. 155.202.  DISCRETIONARY TRANSFER.  (a)  If the basis of a motion to transfer a proceeding under this subchapter is that the child resides in another county, the court may deny the motion if it is shown that the child has resided in that county for less than six months at the time the proceeding is commenced.

(b)  For the convenience of the parties and witnesses and in the interest of justice, the court, on the timely motion of a party, may

transfer the proceeding to a proper court in another county in the state

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995.


Sec. 155.203.  DETERMINING COUNTY OF CHILD'S RESIDENCE.  In computing the time during which the child has resided in a county, the court may not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six-month period preceding the commencement of the suit.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995.


Sec. 155.204.  PROCEDURE FOR TRANSFER.  (a)  A motion to transfer under Section 155.201(a) may be filed at any time.  The motion must contain a certification that all other parties, including the attorney general, if applicable, have been informed of the filing of the motion.

(b)  Except as provided by Subsection (a) or Section 262.203, a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed.  A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner.

(c)  If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court.

(d)  On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist.

(e)  If a controverting affidavit contesting the motion to transfer is filed, each party is entitled to notice not less than 10 days before the date of the hearing on the motion to transfer.

(f)  Only evidence pertaining to the transfer may be taken at the

hearing.

    (g)   If the court finds after the hearing on the motion to transfer that grounds for the transfer exist, the proceeding shall be transferred to the proper court not later than the 21st day after the date the hearing is concluded.

    (h)   An order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal.

    (i)   If a transfer order has been signed by a court exercising jurisdiction under Chapter 262, a party may file the transfer order with the clerk of the court of continuing, exclusive jurisdiction.  On receipt and without a hearing, the clerk of the court of continuing, exclusive jurisdiction shall transfer the files as provided by this subchapter.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995.
Amended by Acts 1999, 76th Leg., ch. 1150, Sec. 1, eff. Sept. 1, 1999;
Acts 1999, 76th Leg., ch. 1390, Sec. 14, eff. Sept. 1, 1999.
Amended by:
    Acts 2005, 79th Leg., Ch. 916 (H.B. 260), Sec. 15, eff. June 18, 2005.


    Sec. 155.205.   TRANSFER OF CHILD SUPPORT REGISTRY.   (a)   On rendition of an order transferring continuing, exclusive jurisdiction to another court, the transferring court shall also order that all future payments of child support be made to the local registry of the transferee court or, if payments have previously been directed to the state disbursement unit, to the state disbursement unit.

    (b)   The transferring court's local registry or the state disbursement unit shall continue to receive, record, and forward child support payments to the payee until it receives notice that the transferred case has been docketed by the transferee court.

    (c)   After receiving notice of docketing from the transferee court, the transferring court's local registry shall send a certified copy of the child support payment record to the clerk of the transferee court and shall forward any payments received to the transferee court's local registry or to the state disbursement unit, as appropriate.

# APPENDIX C

Filed 1/31/2017 12:01:07 I
Terri Pirtle Will:
District Cl
Rusk County, Tex

Sharon Colli

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA
NCP Name:   *NELSON PRUITT*
CP Name:    *ALINA KAY YANCEY*
OAG Number: 0012667500
LAC:   MTRF

CAUSE NUMBER *2012-09-444-CCL*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *COUNTY COURT AT LAW* |
| *JOHN A PRUITT* | § | |
| *HEATHER K PRUITT* | § | OF |
| *LAURA A PRUITT* | § | |
| CHILDREN | § | *RUSK* COUNTY, TEXAS |

MOTION TO TRANSFER

The Office of the Attorney General, representing the State of Texas, files this pleading pursuant to Texas Family Code Chapter 231.

JURISDICTION

1. This Court has continuing jurisdiction of the children the subject of this suit because of prior proceedings.

CHILDREN

2. The following children are the subject of this suit:

| Name | Sex | DOB |
|---|---|---|
| JOHN A PRUITT | M | 12/19/1998 |
| HEATHER K PRUITT | F | 9/24/2003 |
| LAURA A PRUITT | F | 12/7/2009 |

No property, other than personal effects, is owned by any child the subject of this suit.

PERSONS ENTITLED TO NOTICE

3. The children reside with *ALINA KAY YANCEY*, the *mother* of the children. The Office of the Attorney General requests the issuance and service of process on this person in accordance with the attached service information sheet.

4. *NELSON PRUITT* is the *father* of the children. The Office of the Attorney General requests the issuance and service of process on this person in accordance with the attached service information sheet.

TRANSFER

5. A petition for further action has been filed herein contemporaneously with the filing of this Motion to Transfer.

6. *ALINA KAY YANCEY* and the children reside in SMITH County, Texas and have resided there for more than six (6) months prior to the filing of this motion and the contemporaneously filed petition for further action. Venue is proper in SMITH County and it is in the best interest of the children that this cause be transferred there.

7. A supporting affidavit is attached and incorporated by reference.

8. The Court should order the transfer of this suit to SMITH County, Texas, unless *NELSON PRUITT* timely files a controverting affidavit pursuant to Texas Family Code § 155.204.

9.   If *NELSON PRUITT* timely files a controverting affidavit, the Court should schedule a hearing on this motion.

PRAYER

The Office of the Attorney General prays that the Court grant all relief requested herein. The Office of the Attorney General prays for general relief.

Respectfully submitted,

Ken Paxton
Attorney General of Texas

Jeffrey C. Mateer
First Assistant Attorney General

---

TARA CANNON - SBN: 24014875
STEVEN F. GAMBLE - SBN: 07604500
TRACY A. FLECK - SBN: 24070681
E. LaVern CAMPBELL - SBN: 24059533
Attorney of Record
Child Support Division
*CHILD SUPPORT OFFICE*
*1650 N EASTMAN RD*
*LONGVIEW TX 75601-3345*
Email CSD-legal-503@texasattorneygeneral.gov
Telephone No. *(903)758-9078*
Toll Free 1(800)252-8014
Fax No. *(903)757-6902*

**RECEIVED**

**JAN 1 8 2017**

OFFICE OF THE ATTORNEY GENERAL
CHILD SUPPORT
TYLER

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**
NCP Name:    *NELSON PRUITT*
CP Name:     *ALINA KAY YANCEY*
OAG Number: **0012667500**

CAUSE NUMBER *2012-09-444-CCL*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *COUNTY COURT AT LAW* |
| *JOHN A PRUITT* | § | |
| *HEATHER K PRUITT* | § | OF |
| *LAURA A PRUITT* | § | |
| CHILDREN | § | *RUSK* COUNTY, TEXAS |

### AFFIDAVIT OF RESIDENCY

"My name is *ALINA KAY YANCEY*. I am the *mother* of the children the subject of this suit. The children and I have resided in SMITH County, Texas, for at least six (6) months.

I am at least eighteen years of age and otherwise competent to execute this affidavit. The facts contained in this affidavit are true and correct."

_____
*ALINA KAY YANCEY*

State of Texas
County of SMITH

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, by *ALINA KAY YANCEY*, this 18th day of **January, 2017**.

_____

JEREMY PHILPOTT
Notary Public
STATE OF TEXAS
Commission Exp. JULY 21, 2018
**Notary without Bond**

**AFFIDAVIT OF RESIDENCY**

# APPENDIX D

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA
NCP Name:  *NELSON PRUITT*
CP Name:  *ALINA KAY YANCEY*
OAG Number: **0012667500**

## CAUSE NUMBER *2012-09-444-CCL*

IN THE INTEREST OF

    *JOHN A PRUITT*
    *HEATHER K PRUITT*
    *LAURA A PRUITT*

CHILDREN

§  IN THE *COUNTY COURT AT LAW*

§
§
§

§  *RUSK* COUNTY, TEXAS

## ORDER DENYING TRANSFER

It is FOUND that *NELSON PRUITT* timely filed an affidavit controverting the Motion to Transfer filed by the Office of the Attorney General. After hearing, the Court FINDS the Motion to Transfer should DENIED. THEREFORE. IT IS ORDERED that the Motion to Transfer is DENIED.

Signed this 16 day of May, 20 17.

_____
JUDGE PRESIDING

Cause Number 2012-09-444-CCL: RUSK County. Texas


_____
LAVERN CAMPBELL - SBN: 24059533
TRACY A. FLECK - SBN: 24070681
WALTA A. STAGGERS - SBN: 24076106
Attorney of Record
Child Support Division
CHILD SUPPORT OFFICE
1650 N EASTMAN RD
LONGVIEW, TX 75601-3345
Email CSD-legal-503@texasattorneygeneral.gov
Telephone No. (903)758-9078
Toll Free 1(800)252-8014
FAX No. (903)757-6902


_____
ALINA KAY YANCEY, Obligee


_____
NELSON PRUITT, Obligor


_____
Allison Biggs
24040465
ATTORNEY FOR
NELSON PRUITT


_____
Lakisha Anderson-Sinville
24053093
ATTORNEY FOR
ALINA KAY YANCEY

# APPENDIX E

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

## NO. 2012-09-444CCL

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| THE MARRIAGE OF | § | |
| | § | |
| ALINA KAY YANCEY | § | |
| AND | § | |
| NELSON PRUITT | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| J.A.P., H.K.P. AND L.A.P., CHILDREN | § | RUSK COUNTY, TEXAS |
| | § | |

## RESPONDENT'S ORIGINAL ANSWER

NELSON PRUITT, Respondent, files this Original Answer to Motion to Transfer and Suit for Modification of Support Order and Motion to Confirm Support Arrearage. The last three numbers of NELSON PRUITT's driver's license number are 306. The last three numbers of NELSON PRUITT's Social Security number are 550.

*1.    General Denial*

Respondent enters a general denial. Further, and in the alternative, Respondent denies the allegations as set forth in Petitioner's Motion to Transfer. See Exhibit "A."

*2.    Prayer*

Respondent prays that Petitioner take nothing and that Respondent be granted all relief requested in this Original Answer.

Respondent prays for general relief.

<div style="margin-left: 50%;">

Respectfully submitted,

PHENIX & CRUMP
P. O. BOX 1005
HENDERSON, TX 75653
903-657-3595
FAX NO. 903-657-3598

By:_____
CARY CRUMP
State Bar No. 90001754
cary@phenixlawfirm.com
Attorney for Respondent

</div>

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on February 29, 2017.

_____
CARY CRUMP
Email: cary@phenixlawfirm.com
Attorney for Respondent

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. 2012-09-444CCL

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| THE MARRIAGE OF | § | |
| | § | |
| ALINA KAY YANCEY | § | |
| AND | § | |
| NELSON PRUITT | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| J.A.P., H.K.P. AND L.A.P., CHILDREN | § | RUSK COUNTY, TEXAS |
| | § | |

## DECLARATION CONTROVERTING MOTION TO TRANSFER

My name is NELSON PRUITT. I am above the age of eighteen years, and I am fully competent to make this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

I am the father of John A. Pruitt, Heather K. Pruitt and Laura A. Pruitt, the children the subject of this suit. The child, John A. Pruitt, has been a resident of Rusk County continuously and does not reside and has not resided in Smith County, Texas for at least six months and is a child the subject of this suit.

_____
NELSON PRUITT

SIGNED under oath before me on February 23, 2017.

_____
Notary Public, State of Texas

CRAIG ALLEN HARRINGTON
Notary Public, State of Texas
Comm. Expires 04-22-2020
Notary ID 130631663

EXHIBIT

A

# APPENDIX F

NO. <u>2012-09-444</u>

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| JOHN PRUITT, HEATHER | § | |
| PRUITT AND LAURA PRUITT | § | AT LAW |
| | § | |
| | § | |
| CHILDREN | § | RUSK COUNTY, TEXAS |

### Counterpetition to Modify Parent-Child Relationship

1.    *Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.    *Objection to Assignment of Case to Associate Judge*

Counterpetitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

3.    *Parties and Order to Be Modified*

This suit to modify a prior order is brought by Nelson Pruitt, Counterpetitioner. Counterpetitioner is the father of the children and has standing to bring this suit. The requested modification will be in the best interest of the children.

Counterrespondent is Alina Kay Yancey.

The order to be modified is entitled "Order in Suit for Modification of Child Support Obligation" and was rendered on January 27, 2017.

4.    *Jurisdiction*

This Court has continuing, exclusive jurisdiction of this suit.

5.    *Children*

The following children are the subject of this suit:

Name:  John A. Pruitt

Sex: Male

Birth date: 12-19-1998

Name: Heather K. Pruitt

Sex: Female

Birth date: 9-24-2003

Name: Laura A. Pruitt

Sex: Female

Birth date: 12-07-2009

6.      *Parties Affected*

The following parties may be affected by this suit:

Name: Alina Kay Yancey

Relationship: parent

No service is necessary at this time.

7.      *Health Insurance Information*

Information required by section 154.181(b) of the Texas Family Code will be provided prior to final hearing in this cause.

8.      *Children's Property*

There has been no change of consequence in the status of the children's property since the prior order was rendered.

9.      *Modification of Conservatorship/Possession and Access*

The order to be modified is not based on a mediated or collaborative law settlement agreement. The circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order

to be modified.

Counterpetitioner requests that he be appointed as the person who has the right to designate the primary residence of the children.

Counterpetitioner requests that the terms and conditions for access to or possession of the children be modified to provide as follows: Alina Kay Yancey should be granted visitation under a Standard Possession Order or by mutual agreement.

The requested modification is in the best interest of the children.

### 10. Request for Temporary Orders

Counterpetitioner requests the Court, after notice and hearing, to make temporary orders for the safety and welfare of the children, including but not limited to the following:

Appointing Counterpetitioner and Counterrespondent temporary joint managing conservators and designating Counterpetitioner as the conservator who has the exclusive right to designate the primary residence of the children.

Ordering Counterrespondent to pay child support, health insurance premiums for coverage on the children, and 50 percent of the children's uninsured medical expenses while this case is pending.

Ordering Counterrespondent to produce copies of income tax returns for tax years 2015 and 2016, a financial statement, and current pay stubs by a date certain.

Ordering Counterrespondent to execute all necessary releases required by Counterpetitioner to obtain any discovery allowed by the Texas Rules of Civil Procedure.

Ordering Counterrespondent to execute all necessary releases pursuant to the Health Insurance Portability and Accountability Act (HIPAA) and 45 C.F.R. section 164.508 to permit Counterpetitioner to obtain health-care information regarding the children.

Ordering Counterrespondent to execute for all health-care providers of the children an authorization for disclosure of protected health information to Counterpetitioner pursuant to the Health Insurance Portability and Accountability Act (HIPAA) and 45 C.F.R. section 164.508.

Ordering Counterrespondent to designate Counterpetitioner as a person to whom protected health information regarding the children may be disclosed whenever Counterrespondent executes an authorization for disclosure of protected health information pursuant to the Health Insurance Portability and Accountability Act (HIPAA) and 45 C.F.R. section 164.508.

*11.    Request for Temporary Orders and Injunction*

Counterpetitioner requests the Court to dispense with the necessity of a bond, and Counterpetitioner requests that, after notice and hearing, Counterrespondent be further restrained and enjoined, pending the further order of the Court, from:

Disturbing the children or Counterpetitioner or interfering in any way with Counterpetitioner's possession of the children by taking or attempting to take possession of the children, directly or through any other person, from the residence, school, or any other place.

Withdrawing the children from enrollment in the school or day-care facility where the children are presently enrolled.

Hiding or secreting the children from Counterpetitioner.

Making disparaging remarks regarding Counterpetitioner or Counterpetitioner's family in the presence or within the hearing of the children.

Consuming alcohol within the 12 hours before or during the period of possession of or access to the children.

Canceling, altering, failing to renew or pay premiums, or in any manner affecting the present level of coverage of any health insurance policy insuring the children.

*12.    Request for Permanent Injunction*

Counterpetitioner requests the Court, after trial on the merits, to grant the following permanent injunction[s]: All temporary injunctions requested above.

*13.    Request for Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Counterpetitioner to secure the services of Allison Biggs, a licensed attorney, to preserve and protect the children's rights. If the parties are unable to reach an agreement on all issues, Counterrespondent should be ordered to pay reasonable attorney's fees, expenses, and costs through trial and appeal, and a judgment should be rendered in favor of this attorney and against Counterrespondent and be ordered paid directly to Counterpetitioner's attorney, who may enforce the judgment in the attorney's own name. Counterpetitioner requests postjudgment interest as allowed by law.

*14.    Prayer*

Counterpetitioner prays that the Court enter its orders in accordance with the allegations

contained in this Counterpetition.

Counterpetitioner prays that the Court, after notice and hearing, grant a temporary injunction enjoining Counterrespondent, in conformity with the allegations of this Counterpetition, from the acts set forth above while this case is pending.

Counterpetitioner prays that, on final hearing, the Court enter a permanent injunction enjoining Counterrespondent, in conformity with the allegations of this Counterpetition, from the acts set forth above.

Counterpetitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Counterpetitioner prays for general relief.

Respectfully submitted,

__/s/ Allison Biggs_____
Allison Biggs
Attorney for Counter-petitioner
State Bar No.: 24040465
1501 Old Nacogdoches Road
Henderson, TX  75654
903-657-8195 phone
903-657-0720 fax

# APPENDIX G

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**
NCP Name:   *NELSON PRUITT*
CP Name:    *ALINA KAY YANCEY*
OAG Number: **0012667500**
LAC:   **REDM**

## CAUSE NUMBER *2012-09-444-CCL*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *COUNTY COURT AT LAW* |
| *JOHN A PRUITT* | § | |
| *HEATHER K PRUITT* | § | OF |
| *LAURA A PRUITT* | § | |
| | § | |
| CHILDREN | § | *RUSK* COUNTY, TEXAS |

### SUIT FOR MODIFICATION OF SUPPORT ORDER AND
### MOTION TO CONFIRM SUPPORT ARREARAGE

1.      The Office of the Attorney General, representing the State of Texas, files this pleading pursuant to Texas Family Code Chapter 231 for which discovery is intended to be conducted under Level 2 of Rule 190, Texas Rules of Civil Procedure.

### JURISDICTION

2.      This Court has continuing jurisdiction of the children the subject of this suit because of prior proceedings.

### CHILDREN

3.      The following children are the subject of this suit:

| Name | Sex | DOB |
|---|---|---|
| JOHN A PRUITT | M | 12/19/1998 |
| HEATHER K PRUITT | F | 9/24/2003 |
| LAURA A PRUITT | F | 12/7/2009 |

No property, other than personal effects, is owned by any child the subject of this suit.

### PERSONS ENTITLED TO NOTICE

4.      The children reside with *ALINA KAY YANCEY*, the *mother* of the children. The Office of the Attorney General requests the issuance and service of process on this person in accordance with the attached service information sheet.

5.      *NELSON PRUITT* is the *father* of the children. The Office of the Attorney General requests the issuance and service of process on this person in accordance with the attached service information sheet.

### PRIOR CHILD SUPPORT ORDER

6.      On *1/27/2014* the Court ordered *NELSON PRUITT* to pay current child support of *$249.00 monthly*, beginning *2/1/2014*, and *monthly* thereafter. The amount and frequency of *NELSON PRUITT*'s child support obligation remains unchanged.

## CHILD SUPPORT ARREARAGE

7.     *NELSON PRUITT* failed to pay court ordered child support as follows:

    a. Child support accrued since *2/1/2014*                    $8,964.00
    b. Interest accrued since *2/1/2014*                       $0.00
    c. Child support paid since *2/1/2014*                   $8,964.00
    d. Total child support arrearage as of *1/18/2017*         $0.00

**EXHIBIT A**, which is attached and incorporated by reference, is a true and correct copy of a payment record indicating the occasions Obligor violated the above-referenced order.

## JUDGMENT ON ARREARS

8.     The Court should confirm and enter judgment for all support arrearage and accrued interest as of the hearing date. The Court should order payment and income withholding to liquidate the judgment pursuant to Texas Family Code Chapters 157 and 158.

## ORDER TO BE MODIFIED

9.     The order to be modified is entitled *ORDER IN SUIT FOR MODIFICATION OF CHILD SUPPORT OBLIGATION* and was signed on *1/27/2014*.

## MODIFICATION

10.     The circumstances of the children or a person affected by the order to be modified have materially and substantially changed since rendition of the order, or it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines, or the order does not provide for health care coverage as required under Section 154.182. The Court should modify an order that provides for the support of a child, including an order for health care coverage under Section 154.182, as follows:

    A.     appropriate current child support should be ordered pursuant to Texas Family Code Chapter 154;

    B.     appropriate provisions regarding health care coverage and for allocation of the reasonable and necessary health care expenses of the children that are not reimbursed by health care coverage should be ordered pursuant to Texas Family Code Chapter 154. In addition, the Court should order health care coverage, including any employment-related or other group health care coverage that is available to the parent;

    C.     all provisions for the support of the children should be ordered extended for so long as any child remains fully enrolled and complying with minimum attendance requirements in a secondary school program leading toward a high school diploma or enrolled in courses for joint high school and junior college credit, or remains a minor, or until further order of the Court, pursuant to Texas Family Code Chapter 154; and/or

    D.     temporary orders pursuant to Texas Family Code § 155.005 and § 156.006 should be granted for the welfare of the children by ordering child support, medical support and uninsured expenses while this case is pending.

The Court should modify the support order as to obligations accruing after the earlier of the date of service of citation or appearance on this motion.

## WITHHOLDING FROM EARNINGS FOR SUPPORT

11. The Court should order all support withheld from disposable earnings pursuant to Texas Family Code § 158.006. The Court should order all payments of support processed pursuant to Texas Family Code Chapter 231 for distribution according to law. If appropriate, the Court should order *NELSON PRUITT* to post a bond or security.

## REQUEST FOR PRODUCTION OF DOCUMENTS

12. *NELSON PRUITT* has in his possession documents that will show the nature and extent of his ability to pay child support. The Office of the Attorney General, pursuant to Rule 196, Texas Rules of Civil Procedure, requests him to produce and permit the Office of the Attorney General to inspect and copy the originals, or true copies, of the following documents in his possession, custody or control: (a) his IRS federal tax returns for the past two years with all schedules included with the returns and all W-2s and 1099s attached to such returns, (b) any and all W-2 statements, all 1099s, and all documents showing income received by Respondent from any source for the two tax years preceding the date of filing of this action, (c) all payroll stubs, vouchers, records of commissions and all other written records or evidence of income received by him within the last six months, (d) the most recent Social Security Administration Form SSA-7005, showing his income history, sent to him three months before his last birthday, (e) statements of accounts for all checking or saving accounts in which he has held an interest within the last six months, (f) all evidence (policies, premium schedules, records of premiums paid, etc.) of health insurance available at his place of employment that may provide coverage for dependent children, (g) copies of loan applications made within the last six months, (h) current statement of benefits and account balances for all retirement, pension, or profit-sharing plans in which the respondent has accrued or may accrue benefits, regardless if such benefits have vested, including but not limited to employer- or union-sponsored defined benefit or defined contribution plans and individual retirement accounts (IRAs), and (i) summary plan description of all retirement, pension, or profit-sharing plans in which the respondent has accrued or may accrue benefits, regardless if such benefits have vested. The Office of the Attorney General requests production of the specified documents at:

The Office of the Attorney General
CHILD SUPPORT OFFICE
1650 N EASTMAN RD
LONGVIEW, TX 75601-3345

on or before 3:00 p.m. on the 50th day following the date of service of this request.

## COSTS

13. The Court should order *NELSON PRUITT* to pay costs of this proceeding.

## PRAYER

The Office of the Attorney General prays that the Court grant all relief requested herein. The Office of the Attorney General prays for general relief.

Respectfully submitted,

Ken Paxton
Attorney General of Texas

Jeffrey C. Mateer
First Assistant Attorney General

TARA A. CANNON
SBN: 24014875

TARA CANNON - SBN: 24014875
STEVEN F. GAMBLE - SBN: 07604500
TRACY A. FLECK - SBN: 24070681
E. LaVern CAMPBELL - SBN: 24059533
Attorney of Record
Child Support Division
*CHILD SUPPORT OFFICE*
*1650 N EASTMAN RD*
*LONGVIEW TX 75601-3345*
Email CSD-legal-503@texasattorneygeneral.gov
Telephone No. *(903)758-9078*
Toll Free 1(800)252-8014
Fax No. *(903)757-6902*

**Attorney General of Texas - Child Support Division**
**Financial Activity Report as of 01/19/2017**

Case ID: 0012667500    Cause Number: 2012-09-444-CCL
NCP: PRUITT, NELSON    CP: YANCEY, ALINA KAY



EXHIBIT A

| Trans Date | Activity Type | Transaction Amount | Child Support Amount Due | Child Support Amount Applied | Child Support Balance | Medical Support Amount Due | Medical Support Amount Applied | Medical Support Balance | Total Arrears Amount Due | Total Arrears Amount Applied | Total Arrears Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/01/2014 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 02/01/2014 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 02/07/2014 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 03/01/2014 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 03/01/2014 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 03/04/2014 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 04/01/2014 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 04/01/2014 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 04/03/2014 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 04/30/2014 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 05/01/2014 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |
| 05/01/2014 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 06/01/2014 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 06/01/2014 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 06/04/2014 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 07/01/2014 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 07/01/2014 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 07/02/2014 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 07/28/2014 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 08/01/2014 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |
| 08/01/2014 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 09/01/2014 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 09/01/2014 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 09/02/2014 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 10/01/2014 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 10/01/2014 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 10/01/2014 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 11/01/2014 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 11/01/2014 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 11/03/2014 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 12/01/2014 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 12/01/2014 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 12/01/2014 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 12/22/2014 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 01/01/2015 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |
| 01/01/2015 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 01/30/2015 | Collection | -80.00 | | -80.00 | -80.00 | | | 0.00 | | -80.00 | -80.00 |
| 02/01/2015 | Amount Due | 249.00 | 249.00 | | 169.00 | | | 0.00 | 249.00 | | 169.00 |
| 02/01/2015 | Amount Due | 100.00 | | | 169.00 | 100.00 | | 100.00 | 100.00 | | 269.00 |

FEDERAL OFFSET (FO) receipts are subject to future adjustments by the Federal Government.

Attorney General of Texas - Child Support Division
Financial Activity Report as of 01/19/2017
Case ID: 0012667500  Cause Number: 2012-09-444-CCL
NCP: PRUITT, NELSON  CP: YANCEY, ALINA KAY

| Trans Date | Activity Type | Transaction Amount | Child Support Amount Due | Child Support Amount Applied | Child Support Balance | Medical Support Amount Due | Medical Support Amount Applied | Medical Support Balance | Total Arrears Amount Due | Total Arrears Amount Applied | Total Arrears Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/02/2015 | Collection | -240.00 | | -169.00 | 0.00 | | -71.00 | 29.00 | | -240.00 | 29.00 |
| 02/12/2015 | Collection | -29.00 | | | 0.00 | | -29.00 | 0.00 | | -29.00 | 0.00 |
| 02/17/2015 | Collection | -160.00 | | -160.00 | -160.00 | | | 0.00 | | -160.00 | -160.00 |
| 03/01/2015 | Amount Due | 249.00 | 249.00 | | 89.00 | | | 0.00 | 249.00 | | 89.00 |
| 03/01/2015 | Amount Due | 100.00 | | | 89.00 | 100.00 | | 100.00 | 100.00 | | 189.00 |
| 03/02/2015 | Collection | -160.00 | | -89.00 | 0.00 | | -71.00 | 29.00 | | -160.00 | 29.00 |
| 03/03/2015 | Collection | -29.00 | | | 0.00 | | -29.00 | 0.00 | | -29.00 | 0.00 |
| 03/16/2015 | Collection | -160.00 | | -160.00 | -160.00 | | | 0.00 | | -160.00 | -160.00 |
| 03/31/2015 | Collection | -160.00 | | -89.00 | -249.00 | | -71.00 | -71.00 | | -160.00 | -320.00 |
| 04/01/2015 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -71.00 | 249.00 | | -71.00 |
| 04/01/2015 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 29.00 | 100.00 | | 29.00 |
| 04/09/2015 | Collection | -29.00 | | | 0.00 | | -29.00 | 0.00 | | -29.00 | 0.00 |
| 04/14/2015 | Collection | -160.00 | | -160.00 | -160.00 | | | 0.00 | | -160.00 | -160.00 |
| 05/01/2015 | Amount Due | 249.00 | 249.00 | | 89.00 | | | 0.00 | 249.00 | | 89.00 |
| 05/01/2015 | Amount Due | 100.00 | | | 89.00 | 100.00 | | 100.00 | 100.00 | | 189.00 |
| 05/04/2015 | Collection | -189.00 | | -89.00 | 0.00 | | -100.00 | 0.00 | | -189.00 | 0.00 |
| 06/01/2015 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 06/01/2015 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 06/01/2015 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 07/01/2015 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 07/01/2015 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 07/03/2015 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 08/01/2015 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 08/01/2015 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 08/03/2015 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 08/31/2015 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 09/01/2015 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |
| 09/01/2015 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 09/28/2015 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 10/01/2015 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |
| 10/01/2015 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 11/01/2015 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 11/01/2015 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 11/02/2015 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 12/01/2015 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 12/01/2015 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 12/01/2015 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 12/28/2015 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 01/01/2016 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |

FEDERAL OFFSET (FO) receipts are subject to future adjustments by the Federal Government.

Attorney General of Texas - Child Support Division
Financial Activity Report as of 01/19/2017
Case ID: 0012667500   Cause Number: 2012-09-444-CCL
NCP: PRUITT, NELSON   CP: YANCEY, ALINA KAY

| Trans Date | Activity Type | Transaction Amount | Child Support Amount Due | Child Support Amount Applied | Child Support Balance | Medical Support Amount Due | Medical Support Amount Applied | Medical Support Balance | Total Arrears Amount Due | Total Arrears Amount Applied | Total Arrears Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/01/2016 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 02/01/2016 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 02/01/2016 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 02/02/2016 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 02/19/2016 | Collection | -80.00 | | -80.00 | -80.00 | | | 0.00 | | -80.00 | -80.00 |
| 03/01/2016 | Amount Due | 249.00 | 249.00 | | 169.00 | | | 0.00 | 249.00 | | 169.00 |
| 03/01/2016 | Amount Due | 100.00 | | | 169.00 | 100.00 | | 100.00 | 100.00 | | 269.00 |
| 03/02/2016 | Collection | -160.00 | | -160.00 | 9.00 | | | 100.00 | | -160.00 | 109.00 |
| 03/04/2016 | Collection | -109.00 | | -9.00 | 0.00 | | -100.00 | 0.00 | | -109.00 | 0.00 |
| 03/14/2016 | Collection | -160.00 | | -160.00 | -160.00 | | | 0.00 | | -160.00 | -160.00 |
| 03/28/2016 | Collection | -189.00 | | -89.00 | -249.00 | | -100.00 | -100.00 | | -189.00 | -349.00 |
| 04/01/2016 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |
| 04/01/2016 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 05/01/2016 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 05/01/2016 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 05/03/2016 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 06/01/2016 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 06/01/2016 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 06/06/2016 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 06/27/2016 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 07/01/2016 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |
| 07/01/2016 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 08/01/2016 | Amount Due | 249.00 | 249.00 | | 249.00 | | | 0.00 | 249.00 | | 249.00 |
| 08/01/2016 | Amount Due | 100.00 | | | 249.00 | 100.00 | | 100.00 | 100.00 | | 349.00 |
| 08/08/2016 | Collection | -349.00 | | -249.00 | 0.00 | | -100.00 | 0.00 | | -349.00 | 0.00 |
| 08/08/2016 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 08/30/2016 | Collection | -349.00 | | -249.00 | -498.00 | | -100.00 | -200.00 | | -349.00 | -698.00 |
| 09/01/2016 | Amount Due | 249.00 | 249.00 | | -249.00 | | | -200.00 | 249.00 | | -449.00 |
| 09/01/2016 | Amount Due | 100.00 | | | -249.00 | 100.00 | | -100.00 | 100.00 | | -349.00 |
| 10/01/2016 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |
| 10/01/2016 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 10/03/2016 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 11/01/2016 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |
| 11/01/2016 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 11/01/2016 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| 11/28/2016 | Collection | -349.00 | | -249.00 | -498.00 | | -100.00 | -200.00 | | -349.00 | -698.00 |
| 12/01/2016 | Amount Due | 249.00 | 249.00 | | -249.00 | | | -200.00 | 249.00 | | -449.00 |
| 12/01/2016 | Amount Due | 100.00 | | | -249.00 | 100.00 | | -100.00 | 100.00 | | -349.00 |
| 01/01/2017 | Amount Due | 249.00 | 249.00 | | 0.00 | | | -100.00 | 249.00 | | -100.00 |

FEDERAL OFFSET (FO) receipts are subject to future adjustments by the Federal Government.

Attorney General of Texas - Child Support Division
Financial Activity Report as of 01/19/2017
Case ID: 0012667500    Cause Number: 2012-09-444-CCL
NCP: PRUITT, NELSON    CP: YANCEY, ALINA KAY

| Trans Date | Activity Type | Transaction Amount | Child Support | | | Medical Support | | | Total Arrears | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Amount Due | Amount Applied | Balance | Amount Due | Amount Applied | Balance | Amount Due | Amount Applied | Balance |
| 01/01/2017 | Amount Due | 100.00 | | | 0.00 | 100.00 | | 0.00 | 100.00 | | 0.00 |
| 01/03/2017 | Collection | -349.00 | | -249.00 | -249.00 | | -100.00 | -100.00 | | -349.00 | -349.00 |
| **Totals:** | | | 8,964.00 | -9,213.00 | -249.00 | 3,600.00 | -3,700.00 | -100.00 | 12,564.00 | -12,913.00 | -349.00 |

FEDERAL OFFSET (FO) receipts are subject to future adjustments by the Federal Government.

# APPENDIX H

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA
NCP Name:   *NELSON PRUITT*
CP Name:    *ALINA KAY YANCEY*
OAG Number: **0012667500**

## CAUSE NUMBER *2012-09-444-CCL*

| | |
|---|---|
| IN THE INTEREST OF | §    IN THE *COUNTY COURT AT LAW* |
|     *JOHN A PRUITT* | § |
|     *HEATHER K PRUITT* | §        OF |
|     *LAURA A PRUITT* | § |
| CHILDREN | §    *RUSK* COUNTY, TEXAS |

### NOTICE OF NONSUIT

The Office of the Attorney General, pursuant to Rule 162, Texas Rules of Civil Procedure, gives notice of its

Nonsuit concerning its SUIT FOR MODIFICATION OF SUPPORT ORDER AND MOTION TO CONFIRM SUPPORT

ARREARAGE filed on JANUARY 31, 2017.


E LaVern Campbell - SBN: 24059533
LAVERN CAMPBELL - SBN: 24059533
TRACY A. FLECK - SBN: 24070681
SKYLER L. SHAFER - SBN: 24081149
WALTA A. STAGGERS - SBN: 24076106
Attorney of Record
Child Support Division
CHILD SUPPORT OFFICE
1650 N EASTMAN RD
LONGVIEW, TX 75601-3345
Email CSD-legal-503@texasattorneygeneral.gov
Telephone No. (903)758-9078
Toll Free 1(800)252-8014
Fax No. (903)757-6902

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the below listed parties or their representatives pursuant to Rule 21a, Texas Rules of Civil Procedure, on the 11th day of July, 2017.

E. LaVern Campbell - SBN: 24059533

*LAVERN CAMPBELL*
*Attorney of Record*

**Party:**

ALINA KAY YANCEY

NELSON PRUITT

**Attorney for Party:**

LAKISHA ANDERSON-SINVILLE
PO BOX 784
TYLER, TX 75710

ALLISON BIGGS
1501 OLD NACOGDOCHES RD
HENDERSON, TX 75654

# APPENDIX I

Cause No.**2012-09-444CCL**

FILE

.17 JUL 11 AM 10: 31

IN THE COUNTY COURT, PATTIE WILLARD
RUSK COUNTY DISTRICT CLERK

_____DEPUTY

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE COUNTY COURT |
| **HEATHER K. PRUITT, LAURA** | § | AT LAW |
| **ANNAGAYLE PRUITT, AND** | § | |
| **AARON PRUITT,** | § | IN AND FOR |
| | § | |
| **CHILDREN** | § | RUSK COUNTY, TEXAS |

### SCHEDULING ORDER

Based on the information available to the court, the following scheduling order shall apply to this case, unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

Under T.R.C.P. 190 discovery is to be conducted under

☐ Level 1. (No children and property < $50,000)
☒ Level 2. (Children or property > $50,000)
☐ Level 3. (Special circumstances to be approved by the Court)

1. **DEADLINE** for joinder of parties: **August 1, 2017 and Hearing on Temporary Order** *☐ 9am*

2. **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case with the court on this DATE:**09-05-17** TIME:**08:30 A.M.**

3. **ALL DISCOVERY AND DEPOSITIONS** : Completed by **09-01-17**; unless parties agree to extend.

4. **MEDIATION** may be completed by **09-25-17.**

5 The **Bench Trial** is set **October 2, 2017** at **8:45 a.m.**

Signed this _11_ day of _July_ , 20_17_ .

_____
JUDGE PRESIDING

Agreed to:

Hon. Allison Biggs _____

Hon. Lakisha Anderson / Sanville _____

# APPENDIX J

FILED

'7 JU* 20 AM 11: 26

TERRI PIRTLE WILLARD
RUSK COUNTY DISTRICT CLERK

# Terri Pirtle Willard

## Rusk County District Clerk

115 N. Main St., P O Box 1687, Henderson, Texas 75653 _____ DEPUTY
Telephone: (903) 657-0348    Fax: (903) 657-1914

## NOTICE OF FINAL JUDGMENT

DATE:          JULY 20, 2017

IN RE:         JOHN A PRUITT, HEATHER K PRUITT, LAURA A PRUITT

CAUSE NO.      2012-09-444

You are hereby notified that on the 11TH DAY of JULY, 2017 the court signed a

### NOTICE OF NONSUIT

in the above entitled and numbered cause.

Terri Pirtle Willard, District Clerk
Rusk County, Texas
By Charlotte Fox, Deputy

CHILD SUPPORT DIVISION
OFFICE OF THE ATTORNEY GENERAL
1650 N EASTMAN RD
LONGVIEW, TEXAS  75601

NELSON PRUITT
NO ADDRESS PROVIDED

ALINA KAY YANCEY
NO ADDRESS PROVIDED

ALLISON BIGGS
1501 OLD NACOGDOCHES RD.
HENDERSON, TEXAS  75654

LAKISHA ANDERSON-SINVILLE
P.O. BOX 784
TYLER, TEXAS  75710

# Terri Pirtle Willard
## Rusk County District Clerk
### 115 N. Main St., P O Box 1687, Henderson, Texas 75653

### Telephone: (903) 657-0348   Fax: (903) 657-1914

NELSON PRUITT
NO ADDRESS PROVIDED

---

DATE:          JULY 20, 2017

IN RE:         JOHN A PRUITT, HEATHER K PRUITT, LAURA A PRUITT

CAUSE NO.      2012-09-444

## Court Costs are due.

### We accept cash, debit cards, credit cards and money orders,

### but no personal checks.

*Please call if you need to make arrangements for paying court costs.*

**TOTAL DUE:   $239.00**

Thank You,
**Terri Pirtle Willard**
**Rusk County District Clerk**
**By Charlotte Fox, Deputy**

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA
NCP Name:  *NELSON PRUITT*  ~Party 1~
CP Name:  *ALINA KAY YANCEY*
OAG Number:  **0012667500**

CAUSE NUMBER *2012-09-444-CCL*

| IN THE INTEREST OF | § | IN THE *COUNTY COURT AT LAW* |
|---|---|---|
| *JOHN A PRUITT* | § | |
| *HEATHER K PRUITT* | § | OF |
| *LAURA A PRUITT* | § | |
| | § | |
| CHILDREN | § | *RUSK* COUNTY, TEXAS |

NOTICE OF NONSUIT

The Office of the Attorney General, pursuant to Rule 162, Texas Rules of Civil Procedure, gives notice of its

Nonsuit concerning its <u>SUIT FOR MODIFICATION OF SUPPORT ORDER AND MOTION TO CONFIRM SUPPORT</u>

<u>ARREARAGE</u> filed on JANUARY 31, 2017.

*No addresses provided*

E. LaVern Campbell - SBN: 24059533
LAVERN CAMPBELL - SBN: 24059533
TRACY A. FLECK - SBN: 24070681
SKYLER L. SHAFER - SBN: 24081149
WALTA A. STAGGERS - SBN: 24076106
Attorney of Record
Child Support Division
CHILD SUPPORT OFFICE
1650 N EASTMAN RD
LONGVIEW, TX 75601-3345
Email CSD-legal-503@texasattorneygeneral.gov
Telephone No. (903)758-9078
Toll Free 1(800)252-8014
Fax No. (903)757-6902

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the below listed parties or their representatives pursuant to Rule 21a, Texas Rules of Civil Procedure, on the 11th day of July, 2017.

E. LaVern Campbell - SBN: 24059533

*LAVERN CAMPBELL*
*Attorney of Record*

**Party:**

ALINA KAY YANCEY

NELSON PRUITT

**Attorney for Party:**

LAKISHA ANDERSON-SINVILLE
PO BOX 784
TYLER, TX 75710

ALLISON BIGGS
1501 OLD NACOGDOCHES RD
HENDERSON, TX 75654

# APPENDIX K

DIVORCE DOCKET

No. 2012-09444 CCL

| STYLE OF CASE | Plaintiff's Attorney | Date of Filing |
|---|---|---|
| | KATE BENNETT | 09/11/2012 |
| NELSON EDWARD PRUITT | | Date of Marriage |
| vs. | Respondent's Attorney | 06/09/1994 |
| | | Date of Separation |
| ALINA KAY PRUITT | | 09/2012 |
| | | Children Affected |
| | | 4 |
| | JUDGE | |

ORDERS OF COURT

| Date of Orders | | | ORDERS OF COURT |
|---|---|---|---|
| Month | Day | Year | |
| 12 | 8 | 12 | *Motion for Final Hearing. Pet w/ Hon. K Bennett Pty Reps* |
| | | | *appeared w/no record. Pty Reps atty appeared S/O Final* |
| | | | *Decree Divorce ___* |
| 5 | 5 | 13 | *No Notice of ___ Kate Bennett Alina Pruitt* |
| 6 | 24 | 13 | *S/OTA ___ decree ___* |
| 7 | 10 | 13 | *Case reset for trial ___* |
| 8 | 14 | 13 | *Hearing w/Optima Movant (Father) ___ Kenneth ___* |
| | | | *Resp (Mother) ___ Theresa ___ submit briefs ___* |
| 9 | 5 | 13 | *S/o Reset Order to Oct 24th 2013. S/o Order on Motion for* |
| | | | *Continuance. A. ___* |
| 10 | 22 | 2013 | *Referred to presiding judge. ___* |
| 1 | 22 | 2014 | *S/O (Agreed) for Mediation ___* |
| 4 | 5 | 2015 | *S/O Substitute of atty — Charles ___* |
| 4 | 27 | 2017 | *Matter Referred to presiding Judge J. ___* |
| 3 | 16 | 2017 | *Hearing on M transfer of Prop ltrs Mother to Rep ___* |

NO.

STYLE

| Date of Orders | | | ORDERS OF COURT | JUDGE |
|---|---|---|---|---|
| Month | Day | Year | | |
| | | | | |
| 5 | 22 | 17 | | |
| 7 | 11 | 17 | | |
| 7 | 11 | 17 | | |
| 7 | 20 | 2017 | | |

STATE OF TEXAS
COUNTY OF RUSK

I, TERRI PIRTLE WILLARD, District Clerk in and for Rusk County, Texas do hereby certify that the above and foregoing is a true and correct copy of the original _____

now on file in the entitled and numbered name in the County Court at Law of Rusk County, Texas.

Given under my hand and seal of office, this _____ day of _____ A.D., 20 ___

Terri Pirtle Willard Rusk Co. District Clerk

By _____
Deputy

# APPENDIX L

REPORTER'S RECORD
CAUSE NO. 2012-09-444 CCL

IN THE MATTER OF            ) IN THE COUNTY COURT
THE MARRIAGE OF             )
                           )
NELSON PRUITT               )
AND                         ) AT LAW
ALINA PRUITT                )
                           )
AND IN THE INTEREST OF      )
THEIR MINOR CHILDREN        ) RUSK COUNTY, TEXAS

---

**MOTION TO TRANSFER AND MOTION TO DISQUALIFY**

---

On the 16th day of May, 2017, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Chad Dean, Judge Presiding, held in Henderson, Rusk County, Texas.

Proceedings reported by computerized stenotype machine.

Laura Payne, CSR

**APPEARANCES**

Allison Biggs
SBOT NO. 24040465
Attorney at Law
1501 Old Nacogdoches Rd.
Henderson, Texas  75654
Telephone:  (903)657-8195
Counsel for Nelson Pruitt

Lakisha Anderson-Sinville
SBOT NO. 24053073
Attorney at Law
P.O. Box 784
Tyler, Texas  75710
Telephone:  (903)526-3335
Counsel for Alina Pruitt Yancey

Lavern Campbell
SBOT NO. 24059533
Office of the Attorney General
Child Support Division
1650 N. Eastman Road
Longview, Texas  75601
Telephone:  (903)758-9078
Counsel for State of Texas, Attorney General's office

hired, and a motion to disqualify was filed.

THE COURT: Well, that's a different number though. I'm sorry. I wasn't listening. I'm trying to figure out the records in the file.

MRS. BIGGS: Your Honor, there was never actually a hearing or an order of an actual disqualification. It was just that once the motion was filed, I was contacted, and I substituted in and took over the case.

THE COURT: For who?

MRS. BIGGS: For Cary Crump.

THE COURT: And what's your position?

MS. SINVILLE: Your Honor, my motion --

THE COURT: Did you file the motion?

MS. SINVILLE: Yes, Your Honor, I did. I filed a motion to disqualify Cary Crump, and I think Mrs. Biggs substituted in like three days before the child support hearing. We set the motion to disqualify today, and she's already substituted in, and we agree. But we still think we have recourse to ask for attorney's fees because we did have to file that motion to disqualify, Your Honor. And Mr. Crump had to have known that he disqualified because he entered an appearance on this case on behalf of my client during the divorce proceedings, Your Honor.

Laura Payne, CSR

THE COURT: I guess you --

MRS. BIGGS: And, Your Honor, I substituted in before there was ever a hearing filed, so there was really no harm.

MS. SINVILLE: Well, I had to prepare for a hearing, so there is harm.

THE COURT: Well, I mean, you're going to ask me to take notice of the file, I'm sure.

MS. SINVILLE: Yes, Your Honor.

THE COURT: I love it when people ask me to do that, because I don't have any idea what's in a file that thick.

MS. SINVILLE: Yes, Your Honor, I understand.

THE COURT: On my docket sheet I don't reflect Mr. Crump ever being in the case. So do you have a pleading you're talking about that he represented your client in the case?

MS. SINVILLE: Yes, Your Honor. If you would look at either the original petition for divorce and or the answer.

THE COURT: Originally? Back in '12?

MS. SINVILLE: Yes, Your Honor.

THE COURT: Let me walk through here from the bottom. Looks like Kate Bennett filed an original

petition, then there was a -- let's see.

MS. SINVILLE: He had to get off of the case at some point.

THE COURT: Well, he had to be in it is what I'm trying to find out. I know he was. I'd just like to see the documents. Sometimes I don't always get the right information, so I like to see for myself, which any judge would I would think. Kate Bennett was in it. She's on my docket sheet.

MS. SINVILLE: Uh-huh.

THE COURT: In fact, the original looks like the decree was agreed to. She didn't have an attorney.

MS. SINVILLE: That's correct, Your Honor.

THE COURT: Okay. Then what happened after that that Cary represented her on, do you know?

MS. SINVILLE: He represented her in part of the -- before he withdrew on the divorce.

THE COURT: A modification or contempt, or what kind of case?

MS. SINVILLE: It was the divorce, Your Honor, but he withdrew before the final was signed.

THE COURT: Before the final was signed. Do you think he made an appearance?

MS. SINVILLE: Yes, Your Honor.

THE COURT: But you haven't looked through the file, you're just taking your client's word for it?

MS. SINVILLE: Well, Your Honor, I would think she would know if he represented her. He did withdraw.

THE COURT: You would be surprised at what people know and what they don't know.

MS. SINVILLE: I know, Your Honor, but he did withdraw.

THE COURT: Clients don't know what they don't know.

MS. SINVILLE: Well, he withdrew, too, Your Honor, and I would --

THE COURT: You mean there was an order allowing him to withdraw, is that what you're telling me?

MS. SINVILLE: I'm not sure. I would have to assume that if he wasn't -- if he entered an appearance and he didn't show up that something occurred for him not to show up.

THE COURT: Are y'all contesting that he was in it? Was he in the case?

MRS. BIGGS: My take, and of course this is from Cary, is that he had had a consultation. So I don't -- I have no personal knowledge though, Your

Honor.

THE COURT: But you're not calling him here to say he didn't represent her?

MRS. BIGGS: No. I'm just saying -- yeah -- but when she filed the motion --

THE COURT: So do y'all want to stipulate that he was disqualified or do you want a hearing?

MRS. BIGGS: No, Your Honor. She filed a motion to disqualify. Instead of fighting that out, he thought this is pointless. I substituted in and took over the case.

THE COURT: Okay. I got you.

MRS. BIGGS: So the fact that there's been a hearing having to be prepared for --

THE COURT: All over whether or not they're entitled to costs for filing a motion to disqualify.

MRS. BIGGS: I don't think that there was a need to prepare for a hearing, because I think it's a moot point at this point.

THE COURT: But y'all are aware that Nathan Thauwald represented her also?

MS. SINVILLE: I'm not sure.

THE COURT: You said your client knows everything. She ought to know that.

MS. SINVILLE: Let me just -- I never said my client knew everything. I never said that. But --

THE COURT: Well, about who represents her I'm talking about.

MS. SINVILLE: Well, she knows who represented her. Did Nathan Thauwald represent you?

MS. PRUITT: At one point for -- yes.

THE COURT: Okay. You can see how it would get confusing for me when one name is not in here and another one is and y'all don't mention the one that is.

MS. SINVILLE: And, Your Honor, if he just -- if it was just a consultation, it wouldn't be in the file.

THE COURT: That's true. Okay. Nathan was court appointed, too, for some reason. So are y'all here on a motion to transfer as well as a motion to disqualify?

MS. SINVILLE: Yes, Your Honor.

THE COURT: Is that contested, too?

MRS. BIGGS: Yes, sir.

MS. SINVILLE: Yes, Your Honor.

THE COURT: Who's trying to transfer it?

MS. CAMPBELL: We are, Your Honor -- well -- Your Honor, the Attorney General's office filed a

transfer with our motion to reduce to judgment and modify, but I believe Mr. Pruitt filed a controverting affidavit.

MRS. BIGGS: That's correct, Your Honor.

THE COURT: All right. Which one y'all want to hear first? Both of them together? Any objection to hearing both together?

MRS. BIGGS: When you say both, are you --

THE COURT: Or y'all want to hear them one at a time? Doesn't matter to me. The motion to disqualify or motion to transfer?

MRS. BIGGS: I don't have a problem hearing them together.

MS. CAMPBELL: I don't, Your Honor.

THE COURT: Okay.

MS. SINVILLE: And just for -- just so the Court is aware, one of the children lives with the father, and two other children live with the mother, Your Honor.

THE COURT: That's by court order; right?

MRS. BIGGS: We'll stipulate that that's accurate.

THE COURT: From the last order of the court?

MS. SINVILLE: Yes, Your Honor.

MRS. BIGGS:  That's correct, Your Honor.

THE COURT:  All right.  If you would have your witnesses stand, I'll swear them in.

MRS. BIGGS:  Your Honor, is there a affirmation that Mr. Pruitt can take rather than swearing?

THE COURT:  Sure.  Yeah.  I always do that.

(Witnesses duly sworn.)

MRS. BIGGS:  Thank you, Your Honor.

THE COURT:  And who wants to go first here?  Y'all filed the motion to transfer, so I'll let you call your first witness.

MS. CAMPBELL:  Your Honor, the State would call Nelson Pruitt.

NELSON PRUITT,

having been first duly sworn, testified as follows:

EXAMINATION

BY MS. CAMPBELL:

Q    Mr. Pruitt, you filed a controverting affidavit because you didn't want the case transferred; correct?

A    Yes, ma'am.

Q    And what was your reasoning for not wanting the case transferred?

A    My son lives with me.  He's part of the case.

Laura Payne, CSR

Q    Which child is that?

A    John Aaron Pruitt.

Q    Okay.  How old is John?

A    He's 18.

Q    Has he graduated from high school?

A    No, ma'am.

Q    When does he graduate?

A    Tentatively next year.

Q    So he's a junior?

A    Yes, ma'am.

Q    Okay.  So where do you live?

A    Mount Enterprise.

Q    And is it your contention that it would be inconvenient for you to have to travel to Smith County for any proceedings?

A    Yes, ma'am, it would be.

MS. CAMPBELL:  I have no further questions for this witness, Your Honor.  I'd pass the witness.

MRS. BIGGS:  I'll be brief.

EXAMINATION

BY MRS. BIGGS:

Q    Mr. Pruitt, has John Pruitt lived with you -- it was in the last order that he was court ordered to live with you.  You have the right to establish his domicile; correct?

Laura Payne, CSR

A    Yes, ma'am.

Q    And has he been a resident of Rusk County continuously and has not resided in Smith County; correct?

A    That's correct.

Q    This is where the case has originated and has always been; is that correct?

A    Yes, ma'am.

MRS. BIGGS:  Pass the witness.

EXAMINATION

BY MS. SINVILLE:

Q    Mr. Pruitt, you have two other children?

A    Yes, ma'am.

Q    And what are those children's names?

A    I actually have three other children.

Q    Okay.  Do you have two other children the subject of this suit?

A    Yes, ma'am.

Q    And what are their names?

A    Heather Kay Pruitt and Laura Ann Gail Pruitt.

Q    And where to those children live?

A    Their primary domicile is in Smith County over in Lindale.

Q    And how long have they lived there?

A    In Lindale?  I think a little less than a year.

I don't know.

Q    But definitely longer than --

A    Dates don't work too well for me, so --

Q    But definitely longer than six months?

A    Yes, ma'am.  They've been enrolled in school there longer.

MS. SINVILLE:  No further questions, Your Honor.

MRS. BIGGS:  Can I ask one more question?

EXAMINATION

BY MRS. BIGGS:

Q    Did everybody live in Rusk County initially?

A    Yes, ma'am.

Q    And then your ex-wife moved with the two children out of Rusk County?

A    Yes, ma'am.

Q    Okay.  But you and your son have stayed here?

A    Yes, ma'am.

MRS. BIGGS:  Pass the witness.

THE COURT:  What's the law on that, counsel?

MS. SINVILLE:  Your Honor, I have 155.201(b), and I have case law here if you would like to read that.  That's --

THE COURT:  Did you want her to testify at

all?

MS. SINVILLE: No. I wasn't going to call her.

THE COURT: Okay.

MS. SINVILLE: He filed the controverting affidavit, but I have a case if you would like to see it.

THE COURT: Yes. I would like to.

MS. SINVILLE: And I have one other copy for --

THE COURT: The Attorney General's office probably has it memorized. They can probably cite it by memory.

MS. SINVILLE: Y'all will have to share. And Your Honor, just briefly, it doesn't specifically state when the children are living in different domiciles, but it does state it's mandatory if the kids haven't been here for -- this is not the court of -- it's no longer the court of continuing jurisdiction because the children haven't lived here for the past six months. And so it speaks directly to that issue. But the Attorney General is here.

MS. CAMPBELL: And, Your Honor, I have done some extensive research on this from another case that I had, and I really and truly did not find cases

that were on point where the -- where there were children living in different households where there was some mandatory provision that the case be transferred because two kids live in one or one lives in the other. I did -- I found no case law on that. And I think it more or less would revert to a convenience issue rather than a mandatory type transfer.

MS. SINVILLE: Your Honor, and we're going to -- our argument is that because there's -- she's saying there's no court law, but the statute and the cases that are here before the Court are -- we're bound by those.

THE COURT: What is the basis of the case? Does it affect all three children? How many children are there?

MS. SINVILLE: I think -- let me just say this: We think it would be -- it would have been appropriate, and we did offer this to respondent, that the case stay here for the year.

MRS. BIGGS: Your Honor, I'm going to object to negotiations.

THE COURT: Yeah. And y'all didn't have an agreement on it.

MS. SINVILLE: I'm just saying that, you know, we thought about compromise. However, because --

sever is probably what's appropriate in this type of case, because one kid does stay here. That kid can't be transferred. But the other two children do live away. They're the youngest children. And so, if anything, because he only has a year left in school, he's 18, he's about to be a senior in high school, that the case should be transferred, Your Honor. And there's nothing saying that you can hold kids hostage or hold a case hostage because one of the children no longer lives in the home. It's mandatory if they haven't been here. That's just what the law says. It's mandatory.

THE COURT: What's the underlying lawsuit for, modification?

MRS. BIGGS: Child support.

MS. SINVILLE: Child support, Your Honor.

THE COURT: Increasing or collecting or -- it's not an enforcement?

MS. SINVILLE: It's not an enforcement, Your Honor. It's just a modification.

THE COURT: Okay.

MRS. BIGGS: And may I respond, Your Honor?

THE COURT: Uh-huh.

MRS. BIGGS: Your Honor, I think the statute is completely clear. If the children have been

transferred and no longer live here, it's mandatory. But the fact is the children have not been -- have not moved. There's a child who still lives here; has continuously. This is the court of original jurisdiction. It's the court of continuing jurisdiction, and there's a child who still lives here. So it's clearly not a mandatory transfer. And so as the Attorney General's office explained, I think it would revert back to discretionary and convenience. Mr. Pruitt has stayed here; has a child with him here. It's more convenient. And I can't even imagine severing these two cases and having two court cases going on when the case involves all three children. To me, the convenience, that is absurd.

THE COURT: I haven't read the pleadings, and y'all haven't clearly defined what they are.

MRS. BIGGS: I'm sorry, Your Honor, what --

THE COURT: I've asked what is the underlying lawsuit.

MS. CAMPBELL: Your Honor, we're --

THE COURT: I don't have a clear answer on that yet.

MS. CAMPBELL: We asked to confirm arrears and modify the child support.

THE COURT: Okay. As to what children?

MS. CAMPBELL: All three.

THE COURT: Well, there's two different sides. You representing both sides in that motion?

MS. CAMPBELL: We are not representing either party, Your Honor. We are representing the State of Texas.

THE COURT: I mean, when you say modify as to all three, that doesn't make sense to me.

MRS. BIGGS: The children.

THE COURT: Because they're separated.

MRS. BIGGS: All three children.

THE COURT: I know three children.

MS. CAMPBELL: But having one --

THE COURT: There's -- he owes and she owes, and so you're asking to modify what both of them owe or one of them owes?

MS. CAMPBELL: I believe that you have to consider all three children so that an offset can be in place --

MRS. BIGGS: Mr. Pruitt's the one that pays.

MS. CAMPBELL: -- to determine -- and Mr. Pruitt is currently paying support.

MS. SINVILLE: And, Your Honor, and the

issue then becomes when this child graduates we'll still be here, and having to come here presents a hardship on my client. She's currently unemployed. I mean, are you saying that we're going to have to come here every time we have a dispute with the children, even when one of the children is about to -- is 18. Let's just -- so we -- is 18-years-old. So even though we -- for child support.

THE COURT: When they're 18, they're not a child anymore.

MS. SINVILLE: That's correct, Your Honor. But for child support purposes he is because he hasn't graduated from high school. But as far as the suit affecting the parent child relationship, that's gone, because --

THE COURT: No, not really, not as long as they're in high school.

MS. SINVILLE: Well, we're not saying -- not the suit affecting the parent child -- we would agree to that for child support. But for a SAPCR suit, an 18-year-old is considered an adult. They're no longer a child unless they have a disability. Well, I mean, if that's --

THE COURT: I would have to see some law on that.

MS. SINVILLE: Yes, Your Honor.

THE COURT: Because you put a lot of exceptions in there, and I think one of the exceptions is if they're still in school.

MS. SINVILLE: Well, that is correct. But he is 18, so he no longer fits the definition of a child, unless he's still in high school.

THE COURT: Well, disabled no longer fits the definition because there's an exception.

MS. SINVILLE: Right.

THE COURT: But so is the being in school.

MS. SINVILLE: Right. Right. Correct.

THE COURT: But I understand your argument. I'm just not sure I agree with it.

MRS. BIGGS: Your Honor, I mean, a child support order is an order in a suit affecting the parent child relationship. Obviously this Court still has jurisdiction.

THE COURT: Yeah. I've never heard of you only have jurisdiction for child support and not jurisdiction -- because even a disabled child, the Court that's not -- that may be 40-years-old, I still get to decide which -- who's going to take care of that child.

MS. SINVILLE: Right, Judge.

THE COURT: Not just how much the child

support is.

MS. SINVILLE: There's no issue here as far as a disability for the child. For instance, if a child is 20 --

THE COURT: Well, I know. I know. But I'm using that as an extreme example. We're talking about a child that's going to be over 18 but still in high school.

MS. SINVILLE: But if the child is 19 or 20 and they've graduated from high school, sometimes the child support is still in effect, but we still have SAPCR issues.

THE COURT: Uh-huh.

MS. SINVILLE: And we wouldn't -- the family court necessarily wouldn't take control over the SAPCR issues if the children no longer lived there, but would still probably -- could have control over the child support issues. Does that make sense?

THE COURT: Yeah, I guess, but back to the facts of this case.

MS. SINVILLE: Yes, sir.

THE COURT: We've got three kids which obviously are easily divisible, because they can move to different counties. The Court has continuing jurisdiction. If the suit -- to me, if the suit

involves one of the children that was outside the jurisdiction of the court, then it would mandate a removal for that child. Somehow you'd sever that child out --

MS. SINVILLE: Right.

THE COURT: Or you -- they, you know whatever they -- you know, that's the only child -- if the child I'm dealing with is the child that lives out of county for over six months, then I would agree. But as long as I've got one of the children, then to me it shifts over to the forum and convenience deal.

MS. SINVILLE: Yes, sir.

THE COURT: And I've got to look at the facts of whether or not this is the most convenient forum. And that's sort of what you're arguing, at least in the latter part of your argument was that that means she's got to do this and she's got to do that. I can't answer for later, because I don't know when the kid is going to graduate. All I know is where we are today.

I doubt -- I mean, I would certainly be open if there was a motion before me, which there isn't, to sever as to two of the kids. I would have to listen to the facts as to whether that would be the best thing or not. Mrs. Biggs says it's not. You said it could be. It kind of gets back to my original question, is

although I can -- I could sever, I think, as to two of them and send them off if the one child wasn't involved. You say, well, you've got to take all three kids into consideration. I do, but if I'm only determining what -- how to adjust his child support and not adjust hers, I don't see why it couldn't be moved under those circumstances, you know. Like if we were fighting -- let's say, for instance, we were fighting for a modification as to two of the children, but one of them is still here, but he wanted to get custody of the other two. I would probably move it to the other county. That's probably how I would handle that. Well, you say there's still three kids, and they're all still somehow in our face, as far as, you know -- and all of that. But I would -- you know, that would be a different situation. But on child support, it's just a matter of mathematical calculation.

MS. SINVILLE: And --

THE COURT: Which we could have heard today probably.

MS. SINVILLE: And me personally, I've offered that. I mean, that's all I can tell you is that I did offer that.

MRS. BIGGS: And, Your Honor, I'm going to, again, object.

MS. SINVILLE: I mean, I'm just letting the Court know I did offer that.

THE COURT: I think it's a relevant --

MRS. BIGGS: That's objectionable. You're not supposed to do that.

THE COURT: What's that, that y'all had negotiations?

MRS. BIGGS: You can't come in here an testify about negotiations and offers.

MS. SINVILLE: I'm not testifying. I'm not under oath. I don't think I was testifying.

MRS. BIGGS: Okay. So to say what the negotiations and offering were.

THE COURT: Well, I don't think you can -- the Court is not supposed to hear what y'alls negotiations are. But if you're arguing, Judge, you know, I think it's relevant that your client's having to -- or that y'all, you know, are incurring attorney's fees for a certain reason and you're asking for attorney's fees for a certain reason, then I think it does become -- and you can give me other options that -- not settlement negotiations, but other things that, you know, why your client's having to pay money that you don't think that she ought to be having to pay.

MS. SINVILLE: Yes, Your Honor. And as

far as that goes, what we're really -- what we really think would be a great solution to this Court is for the case to remain here for a year and then be transferred to Smith County next June. So temporarily the case remain under the jurisdiction of the Court, because it does become cumbersome. And she has to pay for traveling fees and all of that.

THE COURT: Yeah. That's outside my --

MS. SINVILLE: But I think it's easier for me, I mean, for her it's -- even for the child support case, and I've talked to Ms. Yancey about that, for the Attorney General to work the numbers when you got both parents paying child support and do an offset, versus having an order here like they were arguing, and then an order here pertaining to the kids, and then trying to find an offset somehow. We propose that that would be a simpler solution is if we keep the case here for a year and then delay the transfer until after -- and we've -- we would agree to that, Your Honor, if that's what you ruled on.

MRS. BIGGS: And, Your Honor, my response is, yes, the child should graduate from high school next May. But the facts are the facts right now. We have no way to know that that's absolutely going to happen. Really what's happening here is they're shopping for not

having to come back to court.

MS. SINVILLE: Your Honor, that is not -- objection. We have not even -- we even proposed they --

THE COURT: Let me address the issue. I mean, to me it's real simple. I can't foresee what the facts would be a year from now.

MS. SINVILLE: Yeah, I understand.

THE COURT: She could move back to Rusk County or move somewhere else. A lot of things can -- somebody could get ill or a hundred things that, you know, that -- somebody else may intervene in the suit and take custody of the kids. A hundred things could happen between now and a year from now, so I can't really enter a judgment that's contingent on something happening in the future.

MS. CAMPBELL: And, Your Honor, the Attorney General's office would be happy to do an order today if the parties agree.

THE COURT: Okay. Agree on their numbers.

MS. CAMPBELL: And I don't believe any of the other parties have filed pleadings otherwise.

THE COURT: Okay.

MS. CAMPBELL: And if they want to --

THE COURT: Is everybody prepared --

MS. CAMPBELL: -- retire to some other

place and negotiate, I would be happy to do so.

THE COURT: Is there any discovery going to need to be conducted in this case?

MS. SINVILLE: We -- that's something else, Your Honor. We may need to serve discovery. We do believe there's a business out there in which one of the children makes -- the older children have a business in their name, but really it's the father's business. And so if we have to put on testimony about that, then it would be a contested issue.

MRS. BIGGS: We didn't come prepared to hear the child support today anyway, so if she wants to serve discovery, great.

THE COURT: Okay. Did you want to put on any testimony about the disqualification?

MS. SINVILLE: Oh, yeah, Your Honor.

THE COURT: Well, I mean --

MS. SINVILLE: I'm an officer of the Court, but just --

THE COURT: Well, I mean, you can make your arguments. I mean, I need some facts that -- because the file is not going to reflect that he's ever been in the suit.

MS. SINVILLE: Your Honor, I'll call Ms. Yancey to the stand now.

Laura Payne, CSR

ALINA YANCEY,

having been first duly sworn, testified as follows:

EXAMINATION

BY MS. SINVILLE:

Q    Can you state your name for the record?

A    Alina Yancey.

Q    And did you retain an attorney for your divorce?

A    I did.

Q    And who was the attorney?

A    Cary Crump.

Q    Did you retain any other attorneys for your divorce?

A    Yes, I did.

Q    And who was that?

A    Mr. Castleberry.

Q    And are those the only two attorneys you hired in relation to your divorce?

A    As far as I hired, yes.

Q    And at some point Mr. Crump -- what exactly are the services you believe Mr. Crump conducted in your divorce?

A    He heard my case.  He was given attorney fees. We came to court to hear the divorce, but I think it got delayed.  So we never actually spoke, but we were here.

I cannot remember.  It's been four and a half years.

Q    But you do remember giving him fees for --

A    Absolutely.

Q    And did you -- and did you come to my office stating that you -- Mr. Crump represented you previously?

A    Yes.

Q    And as far as you know, did I have to file a motion to disqualify?

A    Yes.

Q    And you paid me to do that; is that correct?

A    I did.

Q    Okay.  And how much attorney's fees have you paid?

A    $500.

MS. SINVILLE:  No further questions, Your Honor.

CROSS EXAMINATION

BY MRS. BIGGS:

Q    To your knowledge, did your attorney pick up the phone and call Cary Crump and, you know, ask if there was a disqualification?

A    Actually, that's what I paid her for is to take care of business.

Q    Okay.  So she did pick up the phone and ask

Laura Payne, CSR

Cary about it?

A     If I --

Q     Or do you know?

A     If I paid her, I'm sure she probably did.

Q     You have no personal knowledge of that?

A     No.  I left it in her hands.

Q     Instead we've got a motion to disqualify; correct?

A     That's why we're here.

MRS. BIGGS:  Pass the witness.

MS. SINVILLE:  I have no further questions of this witness.

THE COURT:  Okay.  You can step down.  I should have sworn you in a while ago.  You can testify in the narrative since you're calling yourself.

MS. SINVILLE:  Thank you, Your Honor.  My name is Lakisha Anderson-Sinville.  I am licensed by the State Bar of Texas.  My state bar number is 24053073. And I filed a motion to disqualify in this cause of action and actually had to prepare for the motion to disqualify.  I did not receive notice of a substitution until the day of the child support hearing and was fully expecting to have a hearing to disqualify the attorney that was of record.  And I'm asking for attorney's fees in the amount of $500, Your Honor.

CROSS EXAMINATION

BY MRS. BIGGS:

Q    What exactly do you have to do to prepare for a motion to disqualify?

A    You have to look up case law.  You have to research case law regarding motions to disqualify, even as far as what's considered attorney-client relationship and when that is formed.

Q    And you brought all of that with you today?

A    I didn't bring it all with me today, no, ma'am.

Q    So the research wasn't used for the purposes of the hearing?

A    Yes, it was.

MRS. BIGGS:  I'll pass the witness.

THE COURT:  Okay.  You can step down if you don't have anything further.

MS. SINVILLE:  Thank you, Your Honor.

THE COURT:  All right.  With regard to the motion to transfer, I'm going to deny that.  With regard to the motion to disqualify, which is solely to -- at this point to seek recovery of attorney's fees, I'm going to take that under advisement.  And that will be the Court's position at this time.

(Proceedings concluded.)

Laura Payne, CSR

STATE OF TEXAS

COUNTY OF RUSK

I, Laura Payne, Official Court Reporter in and for the County Court at Law of Rusk County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $140.00 and was paid/will be paid by Ms. Alina Yancey.

WITNESS MY OFFICIAL HAND, this the 24th day of July, 2017.

/S/ Laura Payne
Laura Payne, CSR
Texas CSR 7370
Official Court Reporter
County Court at Law
Rusk County, Texas
115 N. Main
Henderson, Texas 75652
Telephone:  903-657-0344
Expiration:  12/31/17

Laura Payne, CSR